## WEICHEN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1920.)

### No. 2724.

1. CRIMINAL LAW ⬅1038(2), 1056(1)—INSTRUCTION IN PROSECUTION FOR DO-ING BUSINESS AS RETAIL LIQUOR DEALER WITHOUT PAYMENT OF TAX NOT RE-VERSIBLE ERROR.

Instruction, in a prosecution for carrying on business as retail liquor dealer without payment of special tax, that proof of a single sale might warrant conviction, *held* not reversible error under the evidence, where no exceptions were taken, nor further instructions requested.

2. COURTS ⬅66(2)—TERM OF FEDERAL COURT PROPERLY ADJOURNED, THOUGH ORDER FOR ADJOURNMENT WAS NOT DIRECTED TO MARSHAL OR CLERK.

Under Judicial Code, § 12 (Comp. St. § 979), providing that, if a judge is unable to attend at any time during a term, court may be adjourned by the marshal or clerk by virtue of a written order "directed" to him by the judge, court will be held to have been properly adjourned, where recorded entry by judge recites adjournment, but is not directed to any officer, since the officers must take notice of the order, and it will be presumed that they performed their duty.

3. CRIMINAL LAW ⬅322—OFFICERS PRESUMED TO HAVE PERFORMED THEIR DU-TIES.

Public officers are presumed to have performed their duties.

In Error to the District Court of the United States for the Eastern District of Illinois.

Criminal prosecution by the United States against August Weichen. Judgment of conviction, and defendant brings error. Affirmed.

Charles A. Karch, of East St. Louis, Ill., for plaintiff in error.

J. G. Burnside, of Vandalia, Ill., and McCawley Baird, of Olney, Ill., for the United States.

Before BAKER, EVANS, and PAGE, Circuit Judges.

BAKER, Circuit Judge. Plaintiff in error was convicted under an indictment in two counts; the first charging him with carrying on the business of a retail dealer in spirituous liquors without having paid the special tax, and the second count setting forth a similar illegal business in malt liquors.

[1] 1. Complaint is made of the following portions of the charge to the jury:

"The law expressly prohibits or states that any one who makes a sale of either one or both of malt or distilled spirits is a retail liquor dealer; one sale, or a dozen sales, the number is not important, so there is a sale of either one or both."

"You are trying him for having retailed liquor in the manner and form as charged in the indictment, and if in the conduct of his business of running a gambling house he charged his patrons money for the privilege of participating in the game, and if as part of the furnishings they received for the money they paid they also received whisky, then the defendant is guilty under the first ·count; and if for the same consideration or any portion of it they received beer from the defendant, then the defendant is guilty under the second count. If his patrons received both beer and whisky as a portion of the consideration for an extra charge of the money, or as gen-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

eral furnishings of the game or entertainment in which they participated, then he is guilty under both counts."

No exception was taken to any portion of the court's instructions to the jury; nor was any request made for additional and more particular instructions. Weichen's insistence is that the court was under the duty of explaining to the jury that the offense charged consisted, not in making a particular sale to a particular person at a particular time, but in carrying on the business of retailing spirituous or malt liquors. In Ledbetter v. United States, 170 U. S. 606, 610, 18 Sup. Ct. 774, 775 (42 L. Ed. 1162), the court said:

"While it has been sometimes held that proof of selling to one person was, at least, prima facie evidence of criminality, the real offense consists in carrying on such business, and if only a single sale were proven it might be a good defense to show that such sale was exceptional, accidental, or made under such circumstances as to indicate that it was not the business of the vendor."

Under this ruling the single sale may make out a prima facie case; and if the defendant should make the defense that the sale was exceptional, accidental, or made under such circumstances as to indicate that it was not the business of the vendor the defendant should request the court to charge the jury on the lines of such defense. Under the circumstances of this case, in which the evidence on behalf of the prosecution showed many sales of both spirituous and malt liquors, and in which the defendant failed to challenge the attention of the trial judge either by exceptions or requests for additional instructions, we cannot hold that any reversible error appears.

2. At the conclusion of all of the evidence Weichen moved for a directed verdict in his favor. Upon an examination of the evidence, which it would be profitless to detail, we find that there was no error in denying this motion.

[2] 3. In his brief, without having laid any basis in the trial court by objection or in this court by assignment of error, Weichen contends that the trial court was without jurisdiction to proceed with the trial at the time when it was had. In the record before us the first entry is as follows:

"Be it remembered that heretofore, to wit: On the 24th day of October, A. D. 1918, the following proceedings were had in said court and entered of record, to wit:

"Thursday, October 24, A. D. 1918.
"Court met pursuant to adjournment.
"Present: Honorable George W. English, Judge.
"It is ordered by the court that the regular November term, of the District Court of the United States for the Eastern District of Illinois, as designated by law to be held at East St. Louis, Illinois, on the first Monday of November, 1918, be, and the same is hereby adjourned from the first Monday of November, 1918, to Monday, December 2, 1918, at 9 :00 a. .m."

And then follows, under date of December 2, 1918, the record of the trial.

[3] Weichen's point is that the adjournment of the regular November term until the second day of December was not in accordance with section 12 of the Judicial Code (Comp. St. § 979), which provides:

"If the judge of any District Court is unable to attend at the commencement of any regular, adjourned, or special term, or any time during such term, the court may be adjourned by the marshal, or clerk, by virtue of a written order directed to him by the judge, to the next regular term, or to any earlier day, as the order may direct."

While the order of October 24th is not in terms directed to either the marshal or the clerk, those officials were required to take cognizance of it and will be presumed to have performed their duty until the contrary appears. Presumably on the first Monday of November the marshal or the clerk advised all persons who assembled to attend court at the November term that the beginning of the term was adjourned to December 2d. See Stockslager v. United States, 116 Fed. 590, 54 C. C. A. 46.

The judgment is affirmed.