## UNITED STATES v. FRATRICK.

### No. 8421.

Circuit Court of Appeals, Seventh Circuit.

Feb. 2, 1944.

Anna Mae Davis, of Madison, for appellant.

J. Albert Woll, U. S. Atty., Francis J. McGreal and John Owen, Asst. U. S. Attys., all of Chicago, for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellant appeals from his conviction of a charge of violation of the Selective Service and Training Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq., by failure to report for assignment to work of national importance. As a defense he urged his wrongful classification by the Local Board as a conscientious objector instead of as an ordained minister, and the invalidity of the order of induction.

■ It is now so firmly established that under the provisions of the Selective Service Act, Congress has not authorized judicial review of the propriety of a Board's classification in a criminal prosecution for willful violation of an order directing a registrant to report for service that it is unnecessary for us to discuss appellant's first issue. Falbo v. United States, 64 S. Ct. 346, decided by the Supreme Court January 3, 1944. We therefore pass to his second issue, the validity of his order of induction.

The principal basis for the contention of invalidity is the fact that the order was signed by "Arthur G. Holt, Chief Clerk of Local Board." Appellant contends that such signature violates the requirement of Selective Service Regulations, § 603.59, "Official papers issued by a local board may be signed by the clerk 'by direction of the local board' if he is authorized to do so by a resolution duly adopted by and entered in the minutes of such local board, provided that the chairman or a member of a local board must sign a particular paper when specifically required to do so by the provisions of a regulation or by an instruction issued by the Director of Selective Service."

■ A somewhat similar contention was made to this court in the case, United States v. Gormly, 7 Cir., 136 F.2d 227, where the appellant urged that the order directing him to report, signed by one member of the Board, was not valid as an order of the Board, hence did not require his compliance with it. We there discussed the procedure provided by statute and regulations for classification and assignment of conscientious objectors to work of national importance under civilian direction, calling attention to the fact that under § 652.1 and .2 of the Regulations promulgated pursuant to the statute, such assignment is to be made by the Director of Selective Service, upon notification by the Local Board of the fixing of the conscientious objector's status as such. The record in the case at bar shows that the procedure provided by the

Regulations was followed, including assignment by the National Headquarters and direction by such headquarters through the regular channels of the State Headquarters to the Local Board to issue the order. The Government contends that since the order emanated from the National Headquarters, the duty of the local board to notify the registrant was purely ministerial, and the fact that the order to report was signed by the Chief Clerk and not a member of the Board is immaterial. We think this contention is correct. It is equally immaterial that the clerk did not recite his authorization to sign. It seems clear that exact compliance with § 603.59 is no more necessary to validate the order here than it was in the Gormly case, supra. Omission of the "By direction of the local board" cannot operate to nullify the order issued upon the direction of the National Director in compliance with the statute and regulations.

 Appellant makes no attempt to show that he was prejudiced in any way by the alleged failure of the Local Board to comply with § 603.59. Failure to comply explicitly with the provisions of the regulations where no prejudice was shown to have resulted from the alleged non-compliance was commented on by the Court of Appeals for the Second Circuit in a case which arose under the Selective Draft Act of 1917, 50 U.S.C.A.Appendix, § 201 et seq.: " * * * we appreciate that the statutes and regulations * * * must be interpreted with a full and fair regard for the rights of the individual. Such rights deserve adequate protection. They do not call for an overtechnical construction of the regulations not necessary for such protection * * *. A clerical error committed by the local Draft Board—civilians volunteering for the service without special training therefor—should not be held to throw the machinery of the draft out of commission when it worked no perceivable prejudice to the rights of any one." United States ex rel. Bergdoll v. Drum, 2 Cir., 107 F.2d 897, 900, 129 A.L.R. 1165.

Appellant also complains because it appears that one of the forms introduced in evidence and which he says was a necessary step in the induction procedure does not appear to have been completed until after the report order, violation of which is charged, was issued. However, the clerk of the Board which classified appellant testified that the form as introduced correctly reflected the action of the Board, and it appears that the failure to endorse the action on the form until the later date was due to oversight. Under these circumstances no merit appears in the objection.

Appellant also contends that the indictment was defective in that it did not "negative the exception contained in the statute that the work of national importance therein referred to shall be under civilian direction." We find no merit in this contention. The Government did not have to prove, in order to sustain the charge of violation of the Act by failing to report for assignment, that the work to which the registrant was to be assigned would be of national importance and under civilian direction. A presumption of regularity attaches to official proceedings and acts. Am. Jur. on Evidence, § 170; Lieberman v. Van De Carr, 199 U.S. 552, 26 S.Ct. 144, 50 L.Ed. 305. This may certainly be relied upon to dispense with the necessity of introducing proofs to establish that the statute will be complied with, both as to the character of the work and the control over it.

Judgment affirmed.