## UNITED STATES v. FLAKOWICZ.

Cr. No. 39898.

District Court, E. D. New York.

May 24, 1944.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N.Y. (Matthew F. Fagan, Asst. U. S. Atty., of Brooklyn, N.Y., of counsel), for plaintiffs (opposed).

Hayden C. Covington, of Brooklyn, N.Y., for defendant (for the motion).

BYERS, District Judge.

Motion to quash indictment.

This is a Jehovah Witness case in which the motion to quash requires consideration only of the narrow question of whether the defendant may be prosecuted criminally for violation of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq., where his offense consists in having refused to obey an order of induction duly issued after he had submitted to the pre-induction physical examination prescribed by Section 629.1 of the regulations, as the result of which he was found to be physically qualified for military service.

It is contended on his behalf that his submission to the physical examination clothed him with the power to challenge his classification, even though he had not completed his part of the administrative process which would qualify him for induction into the Army.

If the defendant's argument is understood, it rests entirely upon the language of Section 629.32 of the regulations, which reads: "629.32 *Mailing Certificate of Fitness to registrant accepted or rejected.* When a Certificate of Fitness (Form 218) indicates that a registrant has been accepted for the Army or the Navy or that a registrant has been rejected, the local board shall immediately mail the original of such certificate to the registrant * * *."

It is argued that the foregoing means that *acceptance* is accomplished as the result of the affirmative outcome of the pre-induction physical examination.

The regulation is not to be so construed, and the argument of the defendant is so tenuous that it evaporates when examined in the light of the regulations, and the only case upon which reliance is asserted.

■ The meaning of "has been accepted" is simply that such a registrant as this defendant was found to be physically fit for military service; compliance by the local board with so much of the regulation as deals with the mailing of certificate merely signifies that prompt notification of the outcome of the pre-induction physical examination has been accomplished.

Perhaps the words "has been accepted" were not entirely appropriate to express the meaning that the registrant has been found to be available for military ser-

vice, so far as his physical condition is concerned, but no one can read the applicable regulations as a whole, and fail to understand that the pre-induction physical examination merely establishes physical fitness or lack of fitness.

That the defendant did not pass from the jurisdiction of the local board to that of the Army or the Navy as the result of the finding of his physical fitness, appears from subsequent provisions of the regulations which make it entirely clear that administrative authority over him still pertained to his local board. See regulation 633.2, which provides that the determination of which men are to report for induction remains a function of the local board, and that it is required to prepare for each man an order to report for induction (Form 150) in duplicate. The fixation of the date, to be at least ten days after mailing, is to be determined by the board, and also whether an emergency exists beyond the control of the registrant, whereby the local board may postpone the time for the registrant to report for a space not to exceed sixty days; also it appears that the date of induction so specified is subject to control on the part of the Director of Selective Service or any State Director of Selective Service, to either of which officials the local board is subordinate.

Reliance is asserted upon the decision of the Supreme Court in the case of Billings v. Truesdell, 64 S.Ct. 737, 746. That case decided only that Billings did not become subject to the military authorities by reason of his having responded to the order of induction and reported at the place therein named, where he refused to participate in taking the oath administered at the threshold of military service; that he had not become "actually inducted" within Section 11 of the Selective Training and Service Act, since he had not undergone "whatever ceremony or requirements of admission the War Department has prescribed". The discussion, at page 744 of the opinion in 64 S.Ct., of the regulations which were adopted during the month of January, 1944, illuminated the question which the court was called upon to decide, although concededly they were not in effect at the time that the induction order was issued to Billings. Moreover that discussion makes it quite clear that the new regulations effect no change in the essential element of the administrative

process. The opinion states: "That these amendments do not effect any change in the concept of 'induction' is apparent from the fact that its definition has remained practically the same from the time when Billings reported at the induction station to the present time."

The case of Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, was not limited or affected in the slightest degree by the decision in the Billings case, and it still remains the law so far as this defendant is concerned.

 He has not complied with the induction order, and hence he is not now in a position to challenge the legality of his classification as adopted by the local board.

Motion to quash indictment denied.

Settle order.