**UNITED STATES v. WALDEN, and seven other cases.**

Criminal Actions Nos. 16952, 16977, 17074, 17076, 17081, 17089, 17158, 17160.

District Court, N. D. Georgia, Atlanta Division.

July 28, 1944.

M. Neil Andrews, U.S. Atty., and Raymond W. Martin, Asst. U.S. Atty., both of Atlanta, Ga., for plaintiff in each case.

Thomas B. Branch, Jr., of Atlanta, Ga., for defendants Walden, Mainor and Stusak.

Mose S. Hayes, of Atlanta, Ga., for defendant Cox.

Samuel A. Miller, of Atlanta, Ga., for defendant Ingram.

Jas. L. & Will G. Moore, of Atlanta, Ga., for defendant Galfas.

Mose S. Hayes, of Atlanta, Ga., for defendant Harris.

Mose S. Hayes, of Atlanta, Ga., for defendant Ledford.

UNDERWOOD, District Judge.

In these cases, the defendants all claimed to be regular ministers of religion and exempt from training and service under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 305(d).

It is clear that if they were such ministers they could not legally be required

to serve or report for service in the armed forces, or be assigned to work of national importance under civilian direction, since the Act expressly exempts ministers in the following language, "Regular or duly ordained ministers of religion, * * * shall be exempt from training and service (but not from registration) under this Act."

The serious question presented is, who is to finally determine the fact of ministerial status and what is the machinery provided for the legal determination of that fact?

Under the decision of the Supreme Court in the case of Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 349, it is settled that, under the Act, 50 U.S.C.A.Appendix § 310(a)(2), the classification of a registrant by the local and appeal boards is final and can not be reviewed in the courts until after the completion of the selective service process, if such classification has been made in substantial accordance with the Act and valid regulations authorized by the Act.

The Falbo case, however, only went to the question of review of the classification of the registrant and left open and unconsidered the question of the validity of an order made in violation of the Constitution or the Act or the regulations legally promulgated under the Act. The Court said; "The narrow question therefore presented by this case is whether Congress has authorized judicial review of the propriety of a board's classification in a criminal prosecution for wilful violation of an order directing a registrant to report for the last step in the selective process."

The Falbo case nowhere holds that it is a crime to refuse to obey an order of a draft board which was made in violation of the Constitution or the Act or valid regulations under the Act. The contrary was held by the Fifth Circuit Court of Appeals in so far as a constitutional right is concerned. Heflin v. Sanford, 5 Cir., 142 F.2d 798, 799. The Court said, "We do not think Falbo's case settles this one. Appellant is not contesting the classification given him by the local board, or seeking any review of its action. He simply says that he was ordered to do something prohibited by the Constitution and his refusal cannot be made a crime. If his contention is correct, his imprisonment is unlawful because the law under which he was indicted would be unconstitutional thus applied. The constitutional validity of the conviction can be questioned by habeas corpus." The same principle and reasoning demand a like conclusion when substantial violations of the Act or regulations are involved.

In the Falbo case the Supreme Court said, "Careful provision was made for fair administration of the Act's policies within the framework of the selective service process." 320 U.S. at page 554, 64 S.Ct. at page 349.

If careful provision was made to safeguard the Constitutional and other rights of citizens because of the great powers delegated to the draft boards, and this was done in view of the denial to them of assistance of counsel before the boards (Regulation 625.2) and their exclusion from the courts to test their civil rights, it would seem that Congress intended that the provisions of the Act and procedural regulations should be carefully followed and that substantial and harmful variance therefrom would invalidate orders of a board and refusal to obey same would not be a crime.

So that in these cases, while this Court has no jurisdiction to review the correctness of the classification of the defendants or decisions within the discretion of the board, it has jurisdiction and may examine the evidence to see whether or not any of the orders which defendants are charged with refusing to obey are void because not made in substantial compliance with the Constitution, the Act and valid regulations. If there was not such compliance by a board, then it had no jurisdiction to make the order and refusal to obey same would not be a crime. If a void order has been made by a board, it has ample opportunity and power to correct its action in a new proceeding properly conducted, but the registrant has no remedy unless a court may inquire into the regularity of the proceeding.

There were irregularities in board procedure in these cases. For example, in some, if not all the cases, minute books (Forms 101 and 102) were not kept as required by Regulations, §§ 603.27 and 603.58, although actions of the boards affecting defendants were properly entered on the questionnaire as required by Regulation § 627.27, and signed by a member of the board. Resolutions of the boards authorizing the clerks to sign official papers

were not adopted and entered in the minutes as required by Regulations, § 603.59 and 603.28, but the evidence shows that defendants actually received notice of the board's actions and acted upon them, even where not authoritatively signed. There were also other minor regulations which were not complied with.

However, examination of the instances of failure to observe regulations in these cases respectively shows only procedural irregularities which did not cause the board to lose jurisdiction or deprive the defendant of any substantial right or mislead him or operate to his disadvantage because of the irregularity alone. This observation does not apply to the actual determination of the defendant's classification, since, under the Falbo case, even arbitrary and wrongful action of a board in reaching its decision is beyond the jurisdiction of the courts to review until after the completion of the selective process.

A different conclusion would follow, though the question has not been authoritatively determined, if the procedural irregularities had been of such character as to deprive the board of jurisdiction to make the orders challenged, as might be the case where registrants were deprived of substantial constitutional and civil rights by orders unauthorized or prematurely issued because of the failure of the boards to observe regulations positively forbidding their issuance before complying with conditions precedent, for example: Orders to report for induction issued "during the period afforded him (registrant) to appear in person before a member or members of his Local Board," (Section 625.3); or "during the period when the Local Board is considering the registrant's classification anew" (Section 626.14); or where an appeal is pending; or where orders are issued by the Appeal Board in the absence of registrant's complete file (Sections 627.-13, 627.23, 627.24, 623.2); or where the order issued before the record, in a proper case, had been referred to and returned by the United States Attorney (Section 627.25); or where the right to inspect his file is denied to the registrant (Section 605.32); or where the order was issued by a disqualified board (Section 603.55); or where the order was not authorized by a majority of the board or where the vote was a tie (Section 603.56); or where the order is based upon a classification subsequent and different from a previous classification which had become final and had not been set aside or changed in conformity with the regulations, as held by this Court, May 3, 1944, in directing a verdict in the case of United States v. Ryals, D. C., 56 F.Supp. 773; and perhaps orders issued in violation of other regulations.

But I do not find that the records in these cases show violations in the latter class, and as a consequence, the evidence being sufficient to support the verdicts, I conclude that no grounds for granting a new trial in any of the cases have been established.

In conformity herewith, orders will be entered in all cases denying the motion for new trial.