## KOCH v. UNITED STATES.

### No. 5367.

Circuit Court of Appeals, Fourth Circuit.

July 11, 1945.

Thomas H. Stone, of Richmond, Va., for appellant.

George R. Humrickhouse, Asst. U. S. Atty., of Richmond, Va. (Harry H. Holt, Jr., U. S. Atty., of Norfolk, Va., on the brief), for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

The appellant, William Henry Koch, herein referred to as the defendant, was indicted in the District Court of the United States for the Eastern District of Virginia for violation of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix § 311. The indictment contained one count which charged that defendant was a registrant under the Selective Training and Service Act and that he did wilfully, knowingly, unlawfully and feloniously refuse and fail to submit to induction into the armed forces of the United States at the Armed Forces Induction Station, Fort Myer, Virginia, as ordered and notified by Selective Service Local Board No. 15-A for Washington, D. C.

In March, 1945, the defendant appeared in open court and pleaded not guilty. A trial was had before a jury which brought in a verdict of guilty as charged in the indictment and the defendant was sentenced by the trial judge to the custody of the Attorney General for a period of three years. From this action of the court below this appeal was brought.

A motion for a directed verdict of not guilty was made at the conclusion of the Government's evidence, which motion was overruled. After the verdict a motion was made on behalf of the defendant to set aside the verdict and grant a new trial, which motion was also overruled.

Two questions are raised on behalf of the defendant:

First, whether or not the United States proved that the defendant was a registrant under the Selective Training and Service Act.

Second, is the illegality of the classification by the registrant's Local Board available as a defense to a prosecution for refusal to submit to induction?

■ The defendant was a registrant of Local Board No. 19, Colorado State College, Fort Collins, Colorado, and received an order from that board to report for induction on August 1, 1944. In accordance with the provisions of Section 633.11 of the Selective Service Regulations, defendant reported to Local Board No. 15-A in Washington, D. C., and presented the order to report for induction issued by the Colorado Local Board and requested that he be transferred to Local Board No. 15-A, Washington, D. C., for delivery for induction. Thereupon, Local Board No. 15-A, Washington, D. C., notified the Local Board in Colorado of the request and approval for transfer; the requisite papers were sent from the Local Board in Colorado to Local Board No. 15-A, Washington, D. C.; defendant was ordered to report for induction at Fort Myer, Virginia, by the Board of Transfers, Local Board No. 15-A, Washington, D. C., on September 29, 1944; and defendant reported, but was held over. On October 6, 1944, defendant appeared at Fort Myer, Virginia, for induction, and refused to submit to induction in accordance with the approved procedure.

An examination of the record shows that the fact that the defendant was a registrant subject to the order of the Local Board was clearly proven. Application for transfer from the Local Board in Colorado to the Local Board in Washington was signed by the defendant and stated that he was a registrant in Colorado. Defendant's request for transfer to the Washington Board was granted for his convenience.

The chief clerk of Local Board No. 15-A, the Board of Transfer for the District of Columbia, was introduced as a witness on behalf of the Government and offered the record of the transfer from the Colorado Board to the Washington Board. These records were introduced in evidence.

The testimony shows that the District of Columbia Board of Transfers followed the regulations explicitly in all respects.

The order to report for induction, which was issued by the Colorado Board, shows that defendant was a registrant under the Selective Service Act before that Board; that he was within the prescribed age limit; and that he had been previously classified as available for military service. It states that, "Having submitted yourself to a local board composed of your neighbors for the purpose of determining your availability for training and service in the land and naval forces of the United States, you are hereby notified that you have now been selected for training and service therein"; and it contained the order number assigned to defendant. Certainly no other evidence was necessary to show defendant's status under the Selective Service Act.

■ A presumption of regularity attaches to official proceedings and acts; it is a well settled rule that all necessary prerequisites to the validity of official action are presumed to have been complied with, and where the contrary is asserted it must be affirmatively shown. Lewis v. United States, 279 U.S. 63, 49 S.Ct. 257, 73 L.Ed. 615; Eaker v. United States, 10 Cir., 76 F.2d 267; Donahue v. United States, 9 Cir., 56 F.2d 94; Armstrong v. United States, 8 Cir., 44 F.2d 905; Weichen v. United States, 7 Cir., 262 F. 941. In United States v. Fratrick, 7 Cir., 140 F.2d 5, the court applied this doctrine in a Selective Service case, observing that it could be relied upon to dispense with the necessity of introducing proof to establish compliance with the statute.

■ The second point raised on behalf of the defendant was abandoned in the oral argument and it was admitted that the overwhelming weight of authority was to the effect that the question of the illegality of the classification of registrant by the local board was not available as a defense for refusal to submit to induction. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917; Smith v. United States, 4 Cir., 148 F.2d 288, 291.

In the latter case Judge Parker, of this court, discusses this point and says among other things: "Following the procedure prescribed thus embraces undergoing induction; and not until this has been done may the legality of classification be challenged. United States v. Rinko, 7 Cir., 147 F.2d 1; United States v. Flakowicz, D.C.,

55 F.Supp. 329, affirmed 2 Cir., 146 F.2d 874."

■ There was ample evidence to support the verdict of the jury, and we find no reversible error in the record. The judgment of the District Court is, accordingly, affirmed.

Affirmed.