**KENT v. UNITED STATES.**
No. 13648.

United States Court of Appeals,
Ninth Circuit.
Sept. 26, 1953.

J. B. Tietz, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Ray H. Kinnison, George Treister, Manuel L. Real, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ORR, Circuit Judge, and MATHES and LEMMON, District Judges.

ORR, Circuit Judge.

Appellant, pursuant to an order of his local draft board, refused to be inducted into the armed forces of the United States. He was charged with a violation of the Selective Service Act of 1948, 50 U.S.C.A.Appendix, § 462, and after trial was convicted.

In December, 1948, appellant claimed exemption from military service on the ground that he was a conscientious objector. His local board rejected his claim and classified him as 1-A. Appellant challenged this classification and requested a personal appearance before the local board. The request for personal appearance was granted. Appellant appeared and was heard. Thereafter the board continued the original classification and an appeal was taken to the appeal board. An investigative report was made by the Federal Bureau of Investigation. A hearing was held by a hearing officer of the Department of Justice at which appellant was present. The hearing officer recommended that appellant's claim for classification as a conscientious objector should be denied. The appeal board, by unanimous vote, thereafter affirmed the 1–A classifica-tion. On August 2, 1951, appellant was ordered to report for induction. His induction was postponed pending review of his case by the National Headquarters of the Selective Service System. An appeal to the President of the United States was taken and the 1–A classification again upheld. On November 9, 1951, appellant was directed to report for induction by an order signed in the following manner: "By Direction of Local Board No. 122, E. H. Middleton, Group Coordinator." Pursuant to this order appellant appeared at the induction station on November 20, 1951, but refused to submit to induction.

Appellant argues that he was justified in refusing to submit to induction because the order therefor was illegal in that it was signed by an unauthorized person. There is no contention by appellant that the order to report was not in fact an order of the board. His contention is that the order to appear was signed by the clerk of the board, a function which could be performed only by a board member. He argues that it is a requirement of the Selective Service regulations that local board members sign orders of induction and that this duty cannot be delegated.

Section 1604.59 of the Selective Service Regulations provides:

"§ 1604.59. *Signing official papers.* Official papers issued by a local board may be signed by the clerk of the local board if he is authorized to do so by resolution duly adopted and entered in the minutes of the meetings of the local board, provided that the chairman or a member of the local board must sign a particular paper when specifically required to do so by the Director of Selective Service." 32 C.F.R. § 1604.59.

It is undisputed that E. H. Middleton, who signed the order, served in the capacity of clerk for the local board and was duly authorized to sign official papers issued by the board. She had authority to sign any paper, except those in which a member of the board is specifically required to sign by the Director of Selective Service. We find no require-

236

ment that a member of the local board must sign an order to report for induction (SSS Form No. 252). Appellant thinks he finds support for his contention in Regulation § 1606.51. We are unable to agree. It provides:

"§ 1606.51. *Forms made part of regulations.* (a) All forms and revisions thereof referred to in these or any new or additional regulations, or in any amendment to these or such new or additional regulations, and all forms and revisions thereof prescribed by the Director of Selective Service shall be and become a part of these regulations in the same manner as if each form, each provision therein, and each revision thereof were set forth herein in full. Whenever in any form or in the instructions printed thereon, any person shall be instructed or required to perform any act in connection therewith, such person is hereby charged with the duty of promptly and completely complying with such instruction or requirement." 32 C.F.R. § 1606.-51.

 The form provided by the Selective Service System, known as SSS No. 252, has under the line provided for a signature, the words "............".
"Member of Local Board"
This is no order or admonition for a particular person to sign. It is placed there merely as a convenience for a member of the board in case he elects to sign, a right residing with him notwithstanding a delegation may have been made to a clerk. Regulation § 1604.59 is controlling. It provides that a board member must sign official papers only when *specifically* required to do so by the Director. The mere placing of a title below a signature line is no such specific requirement. The notification to appear was given in response to a determination made by the board. Appellant responded thereto. He in no manner was prejudiced thereby. He did not place his refusal to be inducted on the ground of improper notice or order. He refused because of his alleged conscientious objector beliefs and would have refused had the order to appear been signed by

each member of the board. In any event, the action complained of here could be, at most, a failure to comply with formal requirements where no prejudice resulted and cannot operate to vitiate the subsequent refusal to submit to induction. United States v. Walden, D.C.N.D.Ga. 1944, 56 F.Supp. 777; U. S. ex rel. Bergdoll v. Drum, 2 Cir., 107 F.2d 897, 129 A.L.R. 1165; U. S. v. Fratrick, 7 Cir., 1944, 140 F.2d 5.

 The contention of appellant that the investigative report of the Federal Bureau of Investigation must be included in his selective service file for his inspection has been definitively disposed of by the Supreme Court in United States v. Nugent, 1953, 346 U.S. 1, 73 S.Ct. 991, affirming the view taken by this court in Elder v. United States, 9 Cir., 1953, 202 F.2d 465. It is now settled that the "hearing" requirement of § 6(j) of the Selective Service Act of 1948, 50 U.S.C. A.Appendix, § 456(j), is satisfied "when it accords a fair opportunity to the registrant to speak his piece before an impartial hearing officer; when it permits him to produce all relevant evidence in his own behalf and at the same time supplies him with a fair résumé of any adverse evidence in the investigator's report." U. S. v. Nugent, 1953, 346 U.S. 1, 6, 73 S.Ct. 991, 994.

It is next argued that the hearing constituted a denial of procedural due process because the hearing officer failed to inform appellant of the contents of the adverse report of the Federal Bureau of Investigation and utilized this material in his advisory report.

██ Appellant makes no claim that he was not advised of his right to request a summary of the adverse evidence. He made no request. There is no merit in his claim that fair dealing required the hearing officer to disclose the information in the report irrespective of his failure to ask for it. The requirements of procedural due process are fully met when a registrant is given an opportunity to obtain adverse information by requesting it. See United States v. Nugent, 1953, 346 U.S. 1, 6, footnote

10, 73 S.Ct. 994. That he voluntarily chooses not to request such information does not thereby render the hearing unfair.

■ Appellant assigns as error the refusal of the trial court to admit evidence which had for its purpose the impeachment of the accuracy of the report of the hearing officer. Upon refusal of the court to admit the evidence appellant made an offer of proof. When compared with the statements made in the hearing officer's report the offer of proof reveals the differences to be of a nature such as would not prejudice the substantial rights of appellant. Linan v. United States, 9 Cir., 1953, 202 F.2d 693. The hearing officer's report states that appellant admitted making a statement that he "would never be drafted into the Army," whereas appellant claims that when he was asked if he made such a statement he replied, "I do not recall the incident." There is no admission or denial by appellant; but there was independent uncontradicted evidence upon which the hearing officer predicated his report. While an admission would have added weight to the statement, appellant's contention that he merely expressed no knowledge of the incident, if permitted in evidence, would not have detracted from the validity of the hearing officer's version.

Appellant complains that the hearing officer's report was inaccurate in the conclusions it reached from the statements made by appellant's father as to appellant's home training. We find no merit in the contention. The report was an accurate summary. It was not intended to be a verbatim statement of what the witnesses said. Cf. Dickinson v. United States, 9 Cir., 1953, 203 F.2d 336.

Appellant's claim that he was not asked to make any distinction between combatant and noncombatant service is contradicted by the record. In his offer of proof he objected only to a statement made in the hearing officer's conclusion, towit: "In no way—not even feebly, did he make any distinction between combatant and noncombatant service." Appellant did not challenge the finding of facts wherein the following statement appeared: "Registrant was asked how and in what way a I-A-O classification would cause him to feel uncomfortable where he would not be required to kill or to even bear arms, but would have opportunity to render service to his country nevertheless." "He stated that I-A-O would not be acceptable to him."

While we agree with the statement made by this court in the case of Linan v. United States, 9 Cir., 1953, 202 F.2d 693, that a hearing officer's report can be so inaccurate factually as to render it useless, the report under consideration in the instant case does not have that infirmity. The court's refusal to admit the proffered testimony did not result in prejudice to appellant.

Judgment affirmed.