## MEREDITH v. CARTER et al.

### Civ. No. 174.

District Court, N. D. Indiana, Fort Wayne Division.

May 5, 1943.

Parrish & Parrish, of Fort Wayne, Ind., for plaintiff.

Alexander M. Campbell, U. S. Atty., of Fort Wayne, Ind., and Luther M. Swygert, Asst. U. S. Atty., and James E. Keating, Asst. U. S. Atty., both of South Bend, Ind., for defendants.

SLICK, District Judge.

Plaintiff brings this action under the declaratory judgment act, 28 U.S.C.A. § 400, and alleges that he is a citizen of Grant County, Indiana, and is registered with the Selective Service Board in that county. The three first-named defendants are members of the Selective Service Board and the fourth defendant is the duly appointed and acting United States Attorney for the Northern District of Indiana.

Plaintiff further alleges that for some years past he has been a member of a Christian organization known as Jehovah Witnesses. That on January 15, 1942 he was appointed a Pioneer in such organization. That this is a full-time position and that the duties thereof require him to devote his entire time and energy to preaching and teaching the tenets of this organization and in converting others to his belief. That the Selective Service Act, 50 U.S.C.A. Appendix § 301 et seq., and the rules and regulations promulgated thereunder provide that Pioneers in Jehovah Witnesses are ministers of religion and shall be classified in Class 4-D. That the Selective Service Board has erroneously and in wilful violation and disregard of the Selective Training and Service Act and the rules and regulations thereunder placed plaintiff in Class 1-A and ordered him to report for induction in the armed forces of the United States. That plaintiff is threatened with loss of his civil and religious rights, his right to continue as a minister of religion, his right to earn a livelihood, his right to the benefits of his position and to participate in the work of the above-mentioned Christian organization and his right to advancement and promotion in such organization and in addition to these he is threatened with a Federal criminal indictment for failure to report for induction, subjecting him to imprisonment and a fine. He prays this court for a declaration of his classification under the Selective Service Act and that he be declared a minister of religion.

Defendants have answered this petition by a motion to dismiss and counsel on both sides have filed briefs.

■ It should be remembered that the declaratory judgment act, 28 U.S.C.A. § 400, does not enlarge the jurisdiction of the federal court. True, it does grant a new remedy in certain cases, but they must be cases in which the court has jurisdiction and there must be an actual controversy. The act, among other things, provides that in cases of actual controversy the court shall have power to declare certain rights and legal relations. I cannot find any actual controversy existing between the plaintiff and the defendants.

■ In speaking of actual controversy, of course it is intended to mean an actual legal controversy. Plaintiff has only been ordered to appear for induction. He desires to avoid complying with this order by having himself declared a minister of the gospel by this court, but the Selective Serv-

ice Act, Section 10, provides, "The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe." If the decision of the Local Board is final except where an appeal is authorized, there is no power, inherent or otherwise, in this court to review the decision of the Selective Service Board. Plaintiff as yet has not been harmed and none of his rights have been abridged. He has no right as a matter of law to be exempt from military service except as Congress has provided for such rights. He has no inherent constitutional right that has been violated. It is only his duty to appear before the Board for induction. He may be rejected when he undergoes medical examination at some army post. He may be found physically, mentally, or morally deficient, and until some of his constitutional rights have been interfered with, he has no cause of complaint. Even if it should be discovered that the Selective Service Board erroneously classified him, his remedy is by appeal, not to this court, but to an Appeal Board, as provided in the Selective Service Act.

█ If it should be found, after he has been finally inducted into the service, that the Selective Service Board erroneously, wilfully, and capriciously classified him, he then has the remedy of habeas corpus.

Therefore, it is my opinion that no actual legal controversy exists giving this court jurisdiction to review the decision of the Local Draft Board.

Counsel for the defendants in their brief quote the sayings of James Madison and Alexander Hamilton as indicating the intent of the framers of the Constitution to the effect that it was not intended that Congress should be hampered in this manner. Madison said, "It is in vain to oppose Constitutional barriers to the impulse of self-preservation." Hamilton said, "The idea of restraining the Legislative authority, in the means of providing for the national defense, is one of those refinements, which owe their origin to a zeal for liberty more ardent than enlightened.".

These quotations are apropos to these times and to plaintiff's petition. If these young men,[1] having a zeal for the Christian religion, which they claim to preach, and for the preservation of our constitutional form of government and their freedom to worship according to the dictates of their own consciences, would give more heed to the necessities of the present conflict and less heed to the necessity for them to solicit new members to their sect and preach the gospel, I am of the opinion that they would be rendering a service not only to their Nation in its dire needs, but to their own religion.

For these reasons and basing my judgment on the decision written by Judge Augustus N. Hand in the case of United States v. Mathias Kauten, 2 Cir., 133 F.2d 703, I am of the opinion that plaintiff's petition does not state a good cause of action.

Plaintiff relies chiefly upon the decision in Perkins v. Elg, 69 App.D.C. 175, 99 F.2d 408. This case is easily distinguished from the case at bar. Perkins v. Elg, supra, was a suit brought praying a declaratory judgment by a plaintiff who was a citizen of this country and was erroneously threatened with deportation. I am not advised that the Deportation Act, 8 U.S.C.A. § 157, contains a provision to the effect that the decision of the authorities shall be final as is provided in the Selective Service Act. When this Act was passed by Congress it is very apparent that Congress intended just what it said, to-wit: "The decisions of such local boards shall be final except where an appeal is authorized." The necessities required this provision. Congress was providing for raising an army expeditiously and it was eminently proper that this provision should be written into this Selective Service Act.

For the reasons above stated the motion of the defendants to dismiss should be and is sustained.

---

[1] Plaintiff is barely twenty-one years of age and one of his principal witnesses claiming to be a Pioneer is nineteen years of age.