302

## ALBERT ex rel. RAVIN v. GOGUEN, U. S. Marshal.

### No. 3927.

Circuit Court of Appeals, First Circuit.

March 14, 1944.

Alfred A. Albert, of Boston, Mass., in pro. per.

Thomas P. O'Connor, Asst. U. S. Atty., of Boston, Mass. (Edmund J. Brandon, U. S. Atty., of Boston, Mass., of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

This is an appeal from an order entered in the court below on June 25, 1943, denying appellant's petition for a writ of habeas corpus.

Appellant was indicted for a violation of § 11 of the Selective Training and Service Act of 1940, 54 Stat. 894, 50 U.S.C.A. Appendix, § 311, in that he had knowingly failed to report for induction into the armed services, pursuant to an order from his local draft board. On June 7, 1943, he was arrested by respondent, the United States marshal, under authority of an order of the court directing respondent to keep appellant in custody until final disposition of the indictment unless appellant should provide bond in the amount of $2500 with surety. Immediately thereafter appellant filed this petition for habeas corpus.

From the allegations of the petition it appears that appellant had requested his draft board for a classification of 4-E as a conscientious objector, pursuant to § 5(g) of the Act, 50 U.S.C.A. Appendix, § 305 (g), which exempts any person from combatant training and service in the armed forces "who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form". In the questionnaire provided for the purpose, appellant submitted to the draft board a detailed statement of his beliefs and of his activities in life in fulfillment of those beliefs. He stated that he does not believe in God, but holds a humanistic view of life; that pacifism is his religion; that he believes in the Gandhian technique of "war without violence"; that he attributes his belief in non-violence, in part at least, to his personal interpretation of certain religious teachings which he received at a Hebrew school, where he had been a student for nine years. Appellant alleges that his local draft board, and the appeal board, illegally and arbitrarily placed him in the classification of 1-A; that he is informed and believes and therefore avers that the draft board and the appeal board "believed him to be sincere in his beliefs and convictions", but have held that his conscientious opposition to participation in war in any form is not "by reason of religious training and belief" within the meaning of § 5(g) of the Act and the regulations thereunder.

Had appellant obeyed the order to report for induction, and been accepted for military service, it may be that he would then have been entitled to a writ of habeas corpus, as was held in United States ex rel. Phillips v. Downer, 2 Cir., 1943, 135 F.2d 521. The issue so presented would have been quite different from the one in the

case at bar. Then, appellant would not have violated § 11 of the Act. The issue would have been whether appellant was being unlawfully held in custody by the military authorities, contrary to the statutory (not constitutional) exemption of certain types of conscientious objectors from combatant training and service; and this would have involved an inquiry into the alleged error of the draft board in classifying the registrant. But in the case at bar the challenged custody is that of the United States marshal, who is holding appellant pending trial on an indictment for violating § 11 of the Act.

■ The claim of appellant that he is entitled to be discharged from custody on a writ of habeas corpus in the situation here presented is contrary to the express holding in Ex parte Catanzaro, 3 Cir., 1943, 138 F.2d 100, and contrary also, we believe, to the necessary implication of Falbo v. United States, 1944, 320 U.S. 549, 64 S.Ct. 346, 348.

In the Falbo case the court emphasized that an order to report for induction is but an intermediate step in the selective service process, which does not end until the registrant is accepted for service. "Even if there were, as the petitioner argues, a constitutional requirement that judicial review must be available to test the validity of the decision of the local board, it is certain that Congress was not required to provide for judicial intervention before final acceptance of an individual for national service." The question was, whether Congress had so provided. On this the court said: "The circumstances under which the Act was adopted lend no support to a view which would allow litigious interruption of the process of selection which Congress created. * * * Careful provision was made for fair administration of the Act's policies within the framework of the selective service process. But Congress apparently regarded 'a prompt and unhesitating obedience to orders' issued in that process 'indispensable to the complete attainment of the object' of national defense. Martin v. Mott, 25 U.S. 19, 30, 12 Wheat. 19, 30, 6 L.Ed. 537. Surely if Congress had intended to authorize interference with that process by intermediate challenges of orders to report, it would have said so."

In other words, the Supreme Court in the Falbo case construed the Act as making it a crime knowingly to disobey such an "intermediate" order to report for induction, whatever may have been the draft board's error of fact or of law in classifying the registrant. The Act, as so construed, must have been held to be within the power of Congress, because in the Falbo case the court sustained a conviction under it.

It is true that the Falbo case came up on an appeal from a judgment of conviction for violation of § 11 of the Act, whereas the present case originated on a petition for habeas corpus filed by a person in the custody of the marshal awaiting trial on an indictment for violation of § 11. But we are unable to see how this makes any difference. If the writ of habeas corpus had been issued by the court below in the present case to inquire into the lawfulness of the detention, what possible ground would there have been for discharging the petitioner from custody? The case would have come down to this, that the petitioner would have been shown to have been taken in custody by the United States marshal under lawful process to await trial on an indictment under a valid act of Congress, an indictment to which the petitioner, when brought to trial, would have no defense, as he would be compelled to concede, and indeed, as appellant here does concede, under the ruling of the Falbo case.[1]

■ We are all agreed upon the importance of preserving the great writ of habeas corpus. But denial of the writ here does not mean that the privilege of the writ has been suspended. The District Court had jurisdiction, unimpaired by the Selective Training and Service Act, to issue a writ of habeas corpus to inquire into the lawfulness of appellant's detention. However, on the face of the petition and of respondent's return to an order to show cause why the writ should not issue, it was apparent as a matter of law that the custody was lawful. Hence, the formal issuance of the writ was not required. "In this way useless grant of the writ with consequent production of the prisoner and of

---

[1] In fact, appellant has since been tried and convicted under the indictment. He appealed to this court from the judgment of conviction. But shortly after the decision in the Falbo case, upon motion by the United States attorney, assented to by appellant's counsel, we entered an order dismissing the appeal.

witnesses may be avoided where from undisputed facts or from incontrovertible facts, such as those recited in a court record, it appears, as matter of law, no cause for granting the writ exists." Walker v. Johnston, 1941, 312 U.S. 275, 284, 61 S.Ct. 574, 578, 85 L.Ed. 830.

The order of the District Court is affirmed.