584

## UNITED STATES v. NELSON.

### SAME v. GIBBS.

### SAME v. SCHWARTZ.

### Nos. 410–412.

Circuit Court of Appeals, Second Circuit.

June 30, 1944.

Jay T. Barnsdall, Jr., of Buffalo, N. Y., for appellants.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Austin J. Donovan, Asst. U. S. Atty., of Rochester, N. Y., and Eugene J. Donnelly, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

These three appeals were argued together and may be disposed of in a single opinion. Each appellant was convicted under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311, of wilfully failing to perform a duty required of him under the Act and the rules and regulations promulgated pursuant thereto. With respect to Nelson and Schwartz the specific charge was failure to report for final type physical examination; in the case of Gibbs it was failure to report for induction for work of national importance.

The facts are very simple. Each appellant duly registered with his local board. From the classification given him by the local board he appealed to an appeal board which reclassified him in 4 E as a conscientious objector. He claims to have been entitled to 4 D classification as a minister of religion. Thereafter a notice was mailed to the registrant directing him to report at a stated time and place for physical examination in the case of Nelson and of Schwartz, and for induction in the case of Gibbs. Each registrant failed to obey the order, was reported as a delinquent, and subsequently was brought to trial upon the indictment under which he was convicted. Nelson received a penitentiary sentence of 3½ years; Gibbs and Schwartz one of three years each.

Relying upon a statement in West Virginia State Board of Education v. Barnette, 319 U.S. 624, 642, 63. S.Ct. 1178, 1187, 87 L.Ed. 1628, 147 A.L.R. 674, to the effect that "no official, high or petty, can prescribe what shall be orthodox in * * * religion, or other matters of opinion," the appellants argue that no board in the Selective Service System had authority to pass upon the appellants' claim to be ministers of religion; and consequently the orders directing them to report for examination or induction were void. But the case is governed by Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, which holds that the correctness of a board's classification cannot be questioned in a criminal prosecution for wilful violation of an order of the board.

The only other point urged for reversal is failure to prove beyond a reasonable doubt that each appellant was legally notified to report. The record contradicts this contention. In the case of Nelson, an assistant clerk of the local board testified that the notice to report for physical examination on March 11, 1943 was mailed to him on February 26th; and Nelson himself admitted on the stand that he received the notice and told the draft board that he was not going to obey it. Similarly in the case of Gibbs the chief

clerk testified that on August 3, 1943 Gibbs was ordered to report for work of national importance. Gibbs testified: "My reason for not reporting for work of national importance was that it would remove me from the service which God has placed me in." Nowhere did he suggest that he had not received the notice. In the case òf Schwartz the proof was not quite so definite, but it was adequate. A clerk of the local board testified that on September 3, 1943 Schwartz "was ordered to report for a final type physical examination", and she produced a copy of the order which was sent to him. Schwartz did not take the witness stand, but he did cross examine the board's clerk. In such cross examination he did not ask anything about the mailing of the notice nor suggest in any way that he had not received it.

Finding no error in any of the three trials, we affirm the judgments.