## UNITED STATES v. FLAKOWICZ, and four other cases.

### Nos. 172–176.

Circuit Court of Appeals, Second Circuit.

Jan. 22, 1945.

See also 55 F.Supp. 329.

Hayden C. Covington, of Brooklyn, N. Y. (Carl A. Mears, of New Haven, Conn., on the brief for Arpaia), for appellants.

Nathan T. Elliff, Sp. Asst. to Atty. Gen. (T. Vincent Quinn, U. S. Atty., and Vine H. Smith and Matthew F. Fagan, Asst. U. S. Attys., all of Brooklyn, N. Y., on the brief for the United States; Robert P. Butler, U. S. Atty., of Hartford, Conn., and Thomas J. Dodd, Jr., Sp. Asst. to Atty. Gen., on the brief for Myrl E. Alexander, Warden, and Francis Biddle, Atty. Gen.), for appellees.

Before HUTCHESON, SIMONS, and CLARK, Circuit Judges.

PER CURIAM.

These separate appeals were heard together and may be disposed of likewise upon the single issue they present. They are all cases of members of the religious order of Jehovah's Witnesses who sought exemption from selective service as regular and duly ordained ministers under 50 U.S.C.A.Appendix, § 305(d), and who were classified for service by their respective draft boards against their objections and appeals. Thereafter they all failed to report for induction, and were prosecuted and convicted for such failure. At their respective trials, they each took steps appropriate for the purpose to show that refusal of exemption was invalid and improper; and in each instance the District Court ruled that the decision of the appropriate draft boards against exemption could not be inquired into or reviewed on a criminal prosecution for failure to obey an order for induction. On this appeal they challenge these rulings and also urge constitutional objections to the Act as thus construed by the courts. But the case of Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, settled the law against them, as had, indeed, been previously ruled by many circuit courts of appeals, including this one in United States v. Kauten, 2 Cir., 133 F.2d 703. Indeed, the cases are now numerous involving Jehovah's Witnesses alone with respect to this issue; among fifteen or more cases which might be cited, we refer to United States v. Nelson, 2 Cir., 143 F.2d 584; Harris v. Ross, 5 Cir., 146 F.2d 355; and United States ex rel. Trainin v. Cain, 2 Cir., 144 F.2d 944, certiorari denied Trainin v. Cain, 65 S.Ct. 439, for statement of relevant principles, and United States v. Madole, 2 Cir., 145 F.2d 466, as settling the issue of good faith in law violation also presented by the accused. This disposes of the cases of Parsons, Johnson, and Jensen. In the habeas corpus case involving Kluz, the still more doubtful course was followed of attempting to reverse the conviction by a habeas corpus, a course held illegal in a further hearing of the Falbo case, United States ex rel. Falbo v. Kennedy, and United States ex rel. Lohrberg v. Nicholson, 4 Cir., 141 F.2d 689, certiorari denied 322 U.S. 744, 745, 64 S. Ct. 1154; see also Albert ex rel. Ravin v. Goguen, 1 Cir., 141 F.2d 302.

The case of Flakowicz is asserted to be different in that he was ordered to report for induction after an amendment of the Act, December 5, 1943, 50 U.S.C.A. Appendix, § 304a, and a change in the regulations to provide for physical examination of selectees *before,* rather than *after,* they are called to report for service. The argument is that in the earlier cases the draft process was not completed, and hence the administrative remedies not exhausted, until the physical examination had been had, whereas Flakowicz had been found physically acceptable, thus completing the selective process, before he was ordered to report for induction. But Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, which he cites, does not sustain the point; it held that induction cannot be forced upon a person, to make him subject to military justice, where he refuses to take the oath as a soldier, and that induction is necessary to complete the civil procedure of the selective service. And the Falbo case states more than a mere procedural requirement; it is based upon a view of congressional intent that "a prompt and unhesitating obedience to orders" issued in the selective service process is " 'indispensable to the complete attainment of the object' of national defense." 320 U. S. at page 554, 64 S.Ct. at page 349.

Judgments affirmed.