**UNITED STATES v. RINKO.**

**No. 8699.**

Circuit Court of Appeals, Seventh Circuit.

Jan. 24, 1945.

Rehearing Denied Feb. 21, 1945.

Writ of Certiorari Denied April 30, 1945.

See 65 S.Ct. 1086.

Hayden Covington, of Brooklyn, N. Y., and Landon L. Chapman, of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., and Wm. J. Connor and Walter A. Witowski, Asst. U. S. Attys., all of Chicago, Ill., and Nathan T. Elliff, Sp. Asst. to Atty. Gen., for appellee.

Before MAJOR and KERNER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Defendant was convicted under an indictment charging him with violation of the Selective Training and Service Act of 1940 as amended, 50 U.S.C.A.Appendix § 311. The indictment, consisting of three counts was returned on June 30, 1944, charging defendant with certain violations of Section 11 of the Act. The first count charged failure to present himself for induction, the second count failure to obey the orders of the representatives of the armed forces at the induction center, and the third count failure to submit to induction. Defendant pleaded not guilty and was tried by the court without the intervention of a jury. He was found not guilty under count one and guilty under counts two and three.

Defendant, a member of Jehovah's Witnesses, registered under the Selective Training and Service Act on October 16, 1940, and was on April 18, 1941, placed by his local board in class I-A, although he had claimed exemption as a regular and duly ordained minister of religion. On April 25, 1941, defendant appealed, and on July 3, 1941, he was by the Board of Appeal placed in class 4-D as a minister of religion. On April 26, 1943, the local board upon a consideration of the defendant's status at that time, and after notice to him, reclassified him and placed him in class I-A-O. He was subsequently, on various dates, at his request, given further hearings by the local board, but the board adhered to its I-A-O classification, and he again appealed. After due consideration, he was by the unanimous decision of the Board of Appeal, on January 11, 1944, retained in class I-A and was

so notified. This classification was later reviewed by the National Headquarters of the Selective Service System, and they, likewise, adhered to defendant's I-A classification; whereupon, the State Director notified the local board to proceed with defendant's induction. He was given a pre-induction physical examination and found to be acceptable for limited military service, and on April 3, 1944, his local board ordered him to report for induction on April 14, 1944. On the morning of April 13, 1944, he reported to the local board and handed the Clerk of the Board a letter, by which he informed the board that he refused to be inducted into the armed forces. He did, however, report at the induction station as directed and submitted to a physical examination, but told those in charge that he was an ordained minister and had been erroneously re-classified by his local board from 4-D to I-A, and that his local board had declined to hear further evidence which he had sought to offer. He persisted in his declination to join the armed forces and was advised that he could leave the induction center. Upon the trial he asserted his alleged erroneous classification as a defense.

In this appeal defendant asserts that his act in reporting at the induction station and refusing to submit to induction constituted "exhaustion of the administrative process so as to qualify defendant for a defense to the indictment that the action of the administrative board and all subsequent orders are illegal." Defendant accepts Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, as finally determinative of the question of when the administrative process ends and acceptance in the armed forces begins, but leans heavily upon certain language used in the subsequent case of Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 746, wherein the court said: "Moreover, it should be remembered that he who reports at the induction station is following the procedure outlined in the Falbo case for the exhaustion of his administrative remedies. Unless he follows that procedure he may not challenge the legality of his classification in the courts * * *." Defendant urges that he has by his conduct in the instant case exhausted the administrative process and is, therefore, entitled in a defense to the criminal action to contest the question of whether he was erroneously classified. We think a careful reading of the Falbo and Billings

cases warrants no such assumption. While the language relied upon is not entirely clear, it is unreasonable to suppose that the court intended thereby within less than 90 days following the Falbo decision to announce any different procedure than that approved in the Falbo decision—at least not by implication.

Defendant urges that the local board was without jurisdiction to classify him in I-A for the reason that he was a minister of religion and, therefore, in a class of exempt persons. In support of this assertion he urges that the evidence before the board was conclusive on this subject and permitted of but one classification— that of minister of religion. The contention of "lack of jurisdiction" is, of course, an erroneous one and a misuse of the term "jurisdiction." The Board without question had authority to pass upon defendant's classification, and if in so doing they erred, that is not to say that they lacked jurisdiction. Possessed of the authority to act, they, of course, could act in any manner that met with their considered judgment. They were not required to adopt defendant's view that the evidence only warranted one classification. If, however, they erroneously classified defendant a method is provided for review; indeed, defendant did cause their action to be reviewed by the Board of Appeal on two occasions and by the National Headquarters on at least one occasion. Even if the evidence overwhelmingly pointed to defendant as a minister of religion within the meaning of the Selective Service Act, as defendant contends, yet this would not defeat jurisdiction of the board to act; and, having acted erroneously, would not confer any other or different form of review than that provided by the Act and the Regulations. It is clear from the Falbo decision, as well as numerous previous decisions of this Court * that defendant was precluded from contesting this question in defense to the indictment in the present case. The Billings case decided one question only and that was that the army did not have jurisdiction over Billings until he had been "actually inducted," and in that case although the process had gone much farther than in the present case, yet he had not been inducted within the meaning of the Act and was, therefore, not subject to a trial by the army. We think it clear that the Supreme Court did not in-

---

* See United States v. Mroz, 7 Cir., 136 F.2d 221; United States v. Messersmith, 7 Cir., 138 F.2d 599; United States v. Sauler, et al., 7 Cir., 139 F.2d 173.

tend in the Billings case to modify or enlarge upon the Falbo decision which specifically holds that the defense here urged could not be considered by a court in the trial of a criminal indictment brought for violation of the selective service process.

Defendant assigns seventy errors which, if meritorious, in a trial before the Court without a jury would be something of an accomplishment. Of course the assignments are repetitious, unnecessary and unjustified in raising the simple questions presented by this appeal. We hold each without merit.

Judgment affirmed.