### GIBSON v. UNITED STATES.
No. 13049.

Circuit Court of Appeals, Eighth Circuit.

June 15, 1945.

---

[2] 18 U.S.C.A. § 595; 5 U.S.C.A. § 300a.

752

Hayden C. Covington, of Brooklyn, N. Y., for appellant.

Irving S. Shapiro, Atty., Department of Justice, of Washington, D. C. (George Philip, U. S. Atty., of Sioux Falls, S. D., Nathan T. Elliff, Sp. Asst. to the Atty. Gen., and Robert S. Erdahl, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The appellant, a registrant under the Selective Training and Service Act of 1940, 54 Stat. 885, 50 U.S.C.A.Appendix, § 301–318, was indicted for violating Section 11 of the Act[1] by deserting from the Civilian Public Service Camp at Hill City, South Dakota, to which he, as a conscientious objector, had been assigned by his local board to perform work of national importance. He entered a plea of not guilty, waived a

jury, and, after a trial by the court, was found guilty and sentenced. He has appealed. His main Contention is that the District Court erred in ruling that the propriety of his classification as a conscientious objector was not an issue in the case. His proffered defense was that he was in fact exempt from service, being a "regular or duly ordained" minister of religion, § 5(d) of the Act, 50 U.S.C.A.Appendix, § 305(d); that he should have been so classified; that the order assigning him to the camp was therefore invalid; and that he had failed to perform no duty which he was legally required to perform.

The only difference between this case and the case of Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 (relied upon by the government) is that Falbo failed to obey an order to report for assignment to work of national importance (page 550 of 321 U.S., 64 S.Ct. 346, 88 L.Ed. 305), while the appellant here obeyed the order to report, so as to complete the administrative process incident to induction. After being examined by the camp doctor and being found to be physically fit to perform work at the camp, the appellant advised the camp director that he (appellant) was a minister of religion, that he had been improperly classified as a. conscientious objector, and that he would therefore refuse to work. He then left the camp, without authority. In the Falbo case, the Supreme Court rejected the contention that the alleged misclassification of Falbo by the local board was an issue. The Supreme Court pointed out that the order to report for work of national importance is not the equivalent of acceptance for service, that the conscientious objector may be rejected at the civilian public service camp, and that the order "is no more than a necessary intermediate step in a united and continuous process designed to raise an army speedily and efficiently." Page 553 of 320 U.S., page 348 of 64 S.Ct., 88 L.Ed. 305. The court then said (page 554 of 320 U.S., page 348 of 64 S.Ct., 88 L.Ed. 305):

"* * * Even if there were, as the petitioner argues, a constitutional requirement that judicial review must be available to test the validity of the decision of the local board, it is certain that Congress was not required to provide for judicial intervention before final acceptance of an

---

[1] Section 11, 50 U.S.C.A.Appendix, § 311, imposes penalties for wilful failure or neglect to perform a duty required by the Act or by rules or regulations made pursuant to the Act.

individual for national service. The narrow question therefore presented by this case is whether Congress has authorized judicial review of the propriety of a board's classification in a criminal prosecution for wilful violation of an order directing a registrant to report for the last step in the selective process.

"We think it has not. The Act nowhere explicitly provides for such review and we have found nothing in its legislative history which indicates an intention to afford it. The circumstances under which the Act was adopted lend no support to a view which would allow litigious interruption of the process of selection which Congress created. * * * Surely if Congress had intended to authorize interference with that process [of selection] by intermediate challenges of orders to report, it would have said so."

The appellant infers from this language that if Falbo instead of refusing to obey the intermediate order to report to the Civilian Public Service Camp for induction, had obeyed that order, and, after being accepted at the camp, had deserted and had then been indicted for failure to perform a duty required by the Act, he, having completed the selective process, would have been entitled to assert as a defense that he was a minister and had been erroneously classified. The appellant cites Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917, in support of this theory. The question in the Billings case was whether Billings, who had filed a petition for habeas corpus alleging that he was not a member of the armed forces of the United States, had been actually inducted into the army and was therefore subject to military jurisdiction. That case draws the distinction between "acceptance" for military service and "induction" into such service, but has little, if any, relevancy to the appellant's situation.

The government argues that, being subject to the Selective Training and Service Act, the appellant could not test the validity of his classification by deserting from the camp to which he had been assigned, and that his remedy was to submit to detention and then to apply for a writ of habeas corpus. The District Court was right in accepting that as the law. One who is subject to the Act may not defy it. If he contends that he was erroneously classified, he may, after induction, obtain through habeas corpus a hearing upon the legality of his classification. Hirabayashi v. United States, 320 U.S. 81, 108, 63 S. Ct. 1375, 87 L.Ed. 1774, and cases cited; Bronemann v. United States, 8 Cir., 138 F. 2d 333, 337; Giese v. United States, App. D.C., 143 F.2d 633, 634, 635, affirmed 65 S.Ct. 437; Biron v. Collins, 5 Cir., 145 F.2d 758; United States v. Flakowicz, 2 Cir., 146 F. 2d 874, certiorari denied, 65 S.Ct. 1086; United States v. Rinko, 7 Cir., 147 F.2d 1, certiorari denied, 65 S.Ct. 1086; Smith v. United States, 4 Cir., 148 F.2d 288, 291, certiorari granted, 65 S.Ct. 1406.

The contention that the Act is unconstitutional if construed so as to require the appellant to submit to detention and then to apply for a writ of habeas corpus as a condition precedent to a judicial review of the action of the local board, we think merits no discussion in view of the cases cited.

The judgment appealed from is affirmed.

