In re FLESCH.

FLESCH v. DRAFT BOARD NO. ONE, TOOLE COUNTY, MONT.

No. 604.

District Court, D. Montana.
Aug. 17, 1945.

D. W. Doyle, of Conrad, and Randall Swanberg, of Great Falls, for petitioner.

John B. Tansil, U. S. Dist. Atty., and Andrew G. Sutton, Asst. U. S. Dist. Atty., both of Billings, for respondent.

PRAY, District Judge.

The question before the Court at this time, in the above entitled cause, is on the motion to dismiss the petition for the writ of habeas corpus, filed herein, based upon the grounds set forth by the respondents, and hereinafter referred to.

The petition describes the successive steps taken during the operation of the Selective Service process before the Local Board, the appeals taken, the defense by the registrant, and the final appeal to the President, which resulted in placing the registrant in Class 1-A, making him subject to call for military service.

For the purpose of this motion, the material part of the petition, as it appears to the Court, is contained in paragraph 11 thereof, and reads as follows:

"11. That thereafter and on or about the 30th day of January, 1945 an order for induction was mailed to the registrant herein and later another order for induction was mailed requiring him to report to the respondent board at Shelby, Toole County, Montana on Tuesday the 27th day of March, 1945, at the hour of 7:30 o'clock A.M., on said day, there to be provided transportation to the nearest induction center which your petitioner believes and therefore alleges to be Ft. Douglas, Utah for induction into the army of the United States; that the said registrant Lester John Flesch in conformity with the said order has at the time of the filing of this petition obeyed said order and reported as required in the order for induction and is at the present time in the process of transportation to the induction center; that the said registrant Lester John Flesch is by virtue of the foregoing facts as of the date of the filing of this petition, wrongfully restrained of his liberty and being held in wrongful custody by the above named respondent local Board #1 of Toole County, Montana, and the said registrant is as of the date of the filing of this petition restrained and deprived of his liberty exclusively under or by color of the authority of the United States; that registrant has exhausted all of his administrative remedies under the Selective Service Act of 1940 and has obeyed all orders sent him in connection with his induction."

An order to show cause was issued by the Court upon the filing of said petition, which, according to the return, was served upon "Draft Board Number One, Toole County,

Montana", and upon "Pat Kelly, group leader of draft contingent from Toole County, Shelby, Montana, at Butte, Montana, March 27th, 1945".

The grounds alleged in the motion to dismiss are that the said Local Board Number 1 does not have actual physical custody and control of the person, or body, of the petitioner, nor has the Board placed any physical restraint upon the liberty of said registrant, petitioner herein, nor has it the means of exercising such powers of custody, control or restraint, nor has it the power to seize, hold or produce his person, or body, in compliance with the order to show cause heretofore issued by the above named Court; that the Writ in question can not be sought before there has been an actual physical restraint placed on registrant by arrest, confinement, custody or exercise of actual physical control over his person or body; that petitioner has been physically free to come and go when and where he pleased at all times mentioned in the petition herein, and still continues to go freely when and where he desires; that this Court is without jurisdiction for the foregoing reasons, and for the further reason that the registrant under the Selective Service Act, 50 U.S.C.A. Appendix § 301 et seq., is not permitted to seek a remedy in the Courts, or have judicial review of the propriety of his classification by the respondent Board, without having first exhausted and completed all administrative steps in the Selective Service process, by having been first inducted into the armed forces of the United States.

The foregoing, in substance, constitutes the grounds upon which respondent board bases its motion to dismiss the petition.

The Selective Training and Service Act of 1940, as amended, sets forth the various steps to be taken by the registrant, leading up to his submission for induction, and all depend upon his voluntary appearance since at no time during the operation of the Selective Service process has the Local Board the authority to place the registrant under arrest or subject him to its physical control or restraint. He was on his way to the place of induction when the petition for the writ was filed and order to show cause issued and served. At that time is there any reason why registrant could not have walked away and have failed to report at the place of induction; he could not have been arrested or subjected to any form of physical restraint until the United States At-

torney had acted upon a complaint for disobedience of the order of the Local Board to report for induction, and a warrant had been issued for his arrest.

Under the state of facts presented here the law seems to be plain. It has been held that "a registrant may not seek a remedy in the courts until the selective service process has been completed by his induction into the army or his reception into a civilian service camp, as the case may be. The propriety of his classification cannot be reviewed in the courts even in a criminal prosecution for refusing to report for duty pursuant to the order of the Local Board. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346 [88 L.Ed. 305]; Fletcher v. United States, 5 Cir., 129 F.2d 262."

This quotation is from the recent decision in Biron et al. v. Collins, 5 Cir., 145 F.2d 758, 759. In that case the registrant was assigned to work of national importance and ordered to report to a Civilian Public Service Camp, but failed to do so, and instead filed his petition for a writ of habeas corpus. This appears to be a well reasoned decision, and a clear statement of the law as laid down by the authorities cited.

The Falbo case, supra [320 U.S. 549, 64 S.Ct. 348], seems to be determinative of the issues here, wherein the Court said: "The connected series of steps into the national service which begins with registration with the local board does not end until the registrant is accepted by the army, navy, or civilian public service camp. Thus a board order to report is no more than a necessary intermediate step in a united and continuous process designed to raise an army speedily and efficiently. * * * it is certain that Congress was not required to provide for judicial intervention before final acceptance of an individual for national service * * * Surely if Congress had intended to authorize interference with that process by intermediate challenges of orders to report, it would have said so. * * * The instant case offers a striking example of the consequences of any other view. Petitioner, 25 years of age, unmarried, and apparently in good health, registered with his local board on October 16, 1940. He claimed exemption August 23, 1941. Consideration of his claim by the local board and the board of appeal delayed his classification, so that his final order to report was not issued until September 2, 1942. Today, one year and four months

after this order, he is still litigating the question."

In the present case registrant was on his way to the place of induction when petition for the writ was filed. So many courts have decided the issue presented here that this Court has been unable to find any justifiable reason for taking a contrary view.

■ Counsel for the petitioner contends that under the Tydings Amendment, 50 U.S. C.A.Appendix § 305(k), he should have been classified as a farmer and placed in Class II-C, but this argument seems to have been answered adversely to that contention in United States v. Geesen, D.C., 59 F.Supp. 726, 728, wherein the Court directed particular attention to the wording of that Amendment in that " 'Every registrant found by a selective service local board * * * to be necessary to and regularly engaged in an agricultural occupation * * *.' This Court believes that emphasis should be placed upon the words 'found by a Selective Service Local Board.' Congress, by the use of these words, made it indispensable that the Selective Service Board find a registrant necessary to an agricultural occupation before any deferment could be granted such registrant."

■ Back in February, 1943, the Circuit Court of Appeals, Second Circuit, United States v. Kauten, 133 F.2d 703, 706, speaking through Judge Augustus N. Hand, expressed the rule in unmistakable language, when it said: "Indeed it has become the general rule that where Congress has delegated to an administrative authority a certain field of governmental activity and made its acts final, the courts will not interfere until the administrative proceedings have been concluded and any administrative remedy that may exist has been exhausted. Under this rule there would seem to have been no good reason for interrupting proceedings leading to induction until some substantial physical restraint occurred. Then the writ of habeas corpus is sufficient to remedy any irregularities of draft boards and to satisfy all reasonable scruples on the part of inductees. Moreover, it is the practice of the Army to grant a furlough of seven days after a registrant is formally inducted before he is subjected to military training. This gives him time to apply for a writ of habeas corpus without disturbing the selective service machinery, if he thinks that his rights as a conscientious objector have been infringed. It results from the foregoing that the registrant was bound to obey the order to report for induction even if there had been error of law in his classification. The Administrative Board had jurisdiction of his case and its order could not be wilfully disregarded."

■ In Meredith v. Carter, 49 F.Supp. 899, 901, involving the same rule, the Court held: "If it should be found, after he has been finally inducted into the service, that the Selective Service Board erroneously, wilfully, and capriciously classified him, he then has the remedy of habeas corpus. Therefore, it is my opinion that no actual legal controversy exists giving this court jurisdiction to review the decision of the Local Draft Board."

■ A late case from the 4th Circuit Court of Appeals, that of Smith v. United States, 148 F.2d 288, 290, follows the same line of reasoning: "Compliance with the board's orders includes submitting to induction * * *; for 'the order of the local board to report for induction includes a command to submit to induction.' Billings v. Truesdell, 321 U.S. 542, 557, 64 S.Ct. 737, 745, 88 L.Ed. 917. * * * Following the procedure prescribed thus embraces undergoing induction; and not until this has been done may the legality of classification be challenged. United States v. Rinko, 7 Cir., 147 F.2d 1; United States v. Flakowicz, D.C., 55 F.Supp. 329, affirmed 2 Cir., 146 F.2d 874. The inductee may, of course, apply for habeas corpus as soon as his induction into the army is completed, and need not wait until he is court-martialed for disobedience of military orders."

In the opinion of the Court, the arguments of counsel for the petitioner, ably presented in his brief, can not prevail, under the facts of this case, against the array of authorities that seem to be absolutely decisive of the issue here; consequently the Court is of the belief that the motion to dismiss the petition by the respondent board should be granted, and such is the order herein.