**BAGLEY v. VICE, United States Marshal, et al.**

No. 10937.

Circuit Court of Appeals, Ninth Circuit.

Nov. 5, 1945.

Rehearing Denied Dec. 5, 1945.

A. L. Wirin and J. B. Tietz, both of Los Angeles, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment dismissing a petition for a writ of habeas corpus seeking a judicial review of the judgment sentencing petitioner to two years in the federal penitentiary.

Appellant was convicted of a failure to report for induction into the armed forces as ordered by his selective service board, after the Board had classified him as I-A —that is, available for military service. Appellant appealed to this court, assigning as error the board's alleged arbitrary and non-judicial action, that is, lack of due process in his classification. This is alleged to have consisted in the statement to appellant by the board's hearing officer that there was no evidence against his contention that he was a conscientious objector, whereas there was such evidence, followed by his classification as I-A and the board's refusal to classify him as a conscientious objector, based upon the evidence so concealed from him.

We affirmed the judgment (Bagley v. United States, 144 F.2d 788) on the ground that it was a violation of the Act to fail to report to the military for induction when so ordered, though the order was based upon a classification made without due process of law. In this we relied upon the language of the Supreme Court in Falbo v. United States, 320 U.S. 549, at page 551, 64 S.Ct. 346, at page 347, 88 L.Ed. 305, where, as here, it was claimed that the action of the board was arbitrary and not judicial because of a religious bias against the registrant, who claimed he was a minister of the gospel of Jehovah's Witnesses.

The Falbo case came before the Supreme Court upon appeal from the judgment of conviction. We intimated in our opinion in the Bagley appeal that the latter might have the right to raise the question of due process in habeas corpus proceedings, an intimation which may have invited the present litigation.

In that opinion we failed to consider that Falbo, subsequent to his appeal, had pursued that method and that the Circuit Court of Appeals for the Fourth Circuit had affirmed the district court's denial of his petition for the writ of habeas corpus, United States ex rel. Falbo v. Kennedy, 141 F.2d 689, and that the Supreme Court had denied Falbo's petition for certiorari 322 U.S. 745, 64 S.Ct. 1154, 88 L.Ed. 1577. While ordinarily there is no judicial significance in a denial of a writ of certiorari, here Falbo's liberty was at stake and the facts clear to the Supreme Court from its recent consideration of his appeal there.

It was strongly argued that "Judicial inquiry into a registrant's claim that he has been denied due process of law may be sought only after he has submitted to the final direction and is under restraint of the armed forces. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305. Then only, by an orderly procedure in Habeas Corpus is he entitled to have a court pass upon his claim. If he were permitted to test the validity of the board's order by the process of disobedience, it would simply

mean that he is entitled to formulate his own rules and to prejudge his own case."

It is true that the Falbo opinion states in 320 U.S. at page 554, 64 S.Ct. at page 348, 88 L.Ed. 305:

" * * * Even if there were, as the petitioner argues, a constitutional requirement that *judicial review* must be available to test the validity of the decision of the local board, it is certain that Congress was not required to provide for judicial intervention *before final acceptance* of an individual for national service * * *." (Emphasis supplied.)

However, succeeding the. Falbo case and in the same term, the Supreme Court in Billings v. Truesdell, 321 U.S. 542, 558, 64 S.Ct. 737, 746, 88 L.Ed. 917, states:

"Moreover, it should be remembered that *he who reports at the induction station* is following the procedure outlined in the Falbo case for the exhaustion of his administrative remedies. *Unless he follows that procedure he may not challenge the legality of his classification in the courts.* But we can hardly say that he must report to the military in order to exhaust his administrative remedies and then say that if he does so report he may be forcibly inducted against his will. That would indeed make a trap of the Falbo case by subjecting those who reported for completion of the Selective Service process to more severe penalties than those who stayed away in defiance of the board's order to report.

" * * * where Congress has drawn the line between civil and military jurisdiction it is our duty to respect it." (Emphasis supplied.)

The Congressional definition of a conscientious objector is contained in the following portions of the Selective Service Act:

"(g) Nothing contained in this Act shall be construed to require any person to be subject to combatant training and service in the land or naval forces of the United States who, by reason of religious training and belief, is conscientiously *opposed to participation in war* in any form. Any such person claiming such exemption from combatant training and service because of such conscientious objections whose claim is sustained by the local board shall, if he is inducted into the land or naval forces under this Act, be assigned to noncombatant service as defined by the President, or shall, if he is found to be conscientiously *opposed to participation in such noncombatant service,* in lieu of such induction, be assigned to work of national importance under civilian direction. * * * Each person whose claim for exemption from combatant training and service because of conscientious objections is sustained shall be listed by the local board on a register of conscientious objectors." 50 U.S.C.A.Appendix, § 305(g).

It is obvious that many, if not all, conscientious objectors will refuse to be inducted—that is, explicitly agree to serve "for combat training in the land or naval forces of the United States" or "for noncombatant service" in such forces. It is strongly arguable that the Truesdell case means that the Falbo decision shall not be construed to mean that Congress intended to force a conscientious objector into a "trap" where, unless he violates his conscience so sought to be protected by Congress, he cannot raise the question of a denial of due process in his classification, —though this seems to be the effect of the reasoning in United States v. Estep, 3 Cir., 150 F.2d 768.

The case of Smith v. United States, 4 Cir., 148 F.2d 288, 291, also has dicta to the effect that the conscientious objector is so trapped. In that case, as here, the accused had not exhausted his administrative remedy by reporting for induction.

The decision on this question of possible entrapment under the Falbo dictum is not necessary to the disposition of this appeal. It is sufficient that there seems no reason why, if it be criminal for Falbo to fail to report at the place of induction though he be classified as I-A by an arbitrary and not a judicial process, it becomes any the less criminal because the judicial review is by habeas corpus rather than on appeal.

In agreement with the Fourth Circuit's decision in the second Falbo case before it and the Second Circuit's decision in United States v. Flakowicz et al., 146 F.2d 874, 875, it is held that in a case of an order to report for induction where the registrant fails to report at the place of induction, the question of a registrant's guilt is no different in habeas corpus from that on appeal. In the absence of such a reporting, the registrant may not show that his classification has been by an arbitrary rather than a judicial process.

The judgment is affirmed.

STEPHENS, Circuit Judge (concurring).

I concur in the decision. I agree that we need not, in this case, decide that induction shall actually take place before the validity of the Board's orders may be tested by habeas corpus and therefore that we should not and do not decide that question.

HEALY, Circuit Judge (concurring).
I concur in the result.