## FLETCHER v. UNITED STATES.

### No. 10295.

Circuit Court of Appeals, Fifth Circuit.

July 9, 1942.

S. W. Plauche, Jr., of Lake Charles, La., for appellant.

Malcolm E. Lafargue, U. S. Atty., and John A. Patin, Asst. U. S. Atty., both of Shreveport, La., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges and STRUM, District Judge.

HOLMES, Circuit Judge.

The only question for decision in this case is whether an accused, in a criminal prosecution for knowingly failing to report for induction into the armed forces in violation of Section 11 of the Selective Training and Service Act of 1940,[1] may introduce evidence to show that the local draft board did not accord him a fair hearing on the question of his classification under the Act.

The question arises in this way: Dennis Horton Fletcher, a registrant under the Act, claimed deferment from military service in his questionnaire and in person before the local board, on the ground that he was a minister in the Watch Tower Bible and Tract Society. The local board, upon consideration of the evidence before it, declined to give him the deferred classification sought, and placed him in group 1-A. Fletcher appealed to the board of appeals and to the national director, but in each instance the action of the local board was affirmed. Thereafter he was directed by his local board to report for induction on December 5, 1941, on which date he appeared and announced that he would not submit to induction. Thereupon Fletcher was indicted, and, in the course of his trial below, attempted to introduce evidence that he had not been given a fair and impartial hearing by the local draft board, to which evidence an objection was sustained.

Section 11 of the Act provides that any person charged with the duty of carrying out any of the provisions thereof who in any manner shall knowingly fail or neglect to perform any duty required of him under or in execution of the Act shall, upon conviction, be punished as therein provided. Appellant admits that he knowingly failed

[1] 50 U.S.C.A.Appendix § 311.

and neglected to perform a duty required of him under the Act, but asserts that such duty was improperly required of him, and that by reason thereof no penalty should attach to him for his failure of performance.

 Under Section 10 of the Act, 50 U. S.C.A.Appendix § 310, the local draft boards are given power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under the Act; and the decisions of the local boards are final except where an appeal is authorized under the rules and regulations. If a registrant feels aggrieved by the classification given him by the local board, adequate administrative machinery is provided for appellate review to protect him from error or illegality, but the Act does not confer jurisdiction upon the United States District Court to review decisions of the administrative agencies upon any matter within their jurisdiction.

As a registrant under the Act, appellant was required by law to carry out any duty required of him under or in execution of the Act. The local board had jurisdiction to classify the defendant for draft purposes, and its action in placing him in group 1-A, was upheld by every appellate agency having jurisdiction to review the classification. Having exhausted his administrative remedies, and none other being provided by the Act, appellant had no lawful alternative, but was compelled to obey the orders given him by his local board appropriate to the duties chargeable to a registrant classified as subject to immediate induction. No issue is before us as to whatever rights he may have, after induction, to test the validity of the proceedings before the local board upon petition for a writ of habeas corpus.

In order to make out its case against Fletcher for the offense charged in the indictment, the prosecution was only required to show that he was a registrant under the Act who had been finally classified by the appropriate agency as subject to induction into the armed forces; that he had been ordered to report for induction; and that he had knowingly refused or neglected to obey that order. The trial court was required to determine only whether the defendant, as a registrant, had been com-manded by a lawful authority to report for induction, and had knowingly failed to do so. Whether or not the registrant was given a fair hearing before the board was not, therefore, a defense to the crime charged in the indictment, and was wholly irrelevant and immaterial to the issue before the court.[2]

The proffered evidence was properly excluded, and the judgment appealed from is affirmed.

---

[2] United States v. Grieme, 3 Cir., June 9, 1942, 128 F.2d 811.