## UNITED STATES v. LAIER.
### No. 28036–S.

District Court, N. D. California, S. D.
Nov. 8, 1943.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for plaintiff.

Clarence E. Rust, of Oakland, Cal., for defendant.

ST. SURE, District Judge.

The Grand Jury presented an indictment against the defendant charging him with failing to report for induction under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq. The case was tried to the court without a jury. At the close of the trial defendant moved to dismiss the indictment on the ground that the evidence was insufficient to support the charge.

The facts are undisputed. Defendant is a registrant of Local Board No. 112 at Palo Alto, California. After he was classified by that board in class I–A he requested an opportunity to appear in person before the board as was his right under the provisions of Rule 625.1 of the Selective Service Regulations.[1] His request was denied. He then appealed to Board of Appeal No. 9 at San Jose, which affirmed the action of the local board in classifying the registrant in class I–A. Thereafter the local board ordered defendant to appear for induction on May 22, 1943, and the indictment is predicated upon his failure to comply with that order.

Defendant contends that because of the failure of the board to permit him a personal appearance, he was denied due process of law, with the result that the board never acquired jurisdiction to issue an order of induction; that the order of induction issued was void and the registrant was under no legal duty to comply with it.

The Government argues that the failure of the board to grant a hearing is no de-

---

[1] "625.1 Opportunity to appear in person. (a) Every registrant, after his classification is determined by the local board (except a classification which is itself determined upon an appearance before the local board under the provisions of this part) shall have an opportunity to appear in person before the member or members of the local board designated for the purpose if he files a written request therefor within 10 days after the local board has mailed a Notice of Classification (Form 57) to him. Such 10-day period may not be extended, except when the local board finds that the registrant was unable to file such request within such period because of circumstances over which he had no control."

fense in the present prosecution but can only be the subject of a habeas corpus proceeding after induction of the registrant; and that regardless of the rule permitting a hearing, the appeal cured any error committed by the local board.

In support of its first contention the Government cites United States v. Grieme (United States v. Sadlock), 3 Cir., 128 F.2d 811, 814. In those cases defendants, who were Jehovah's Witnesses, attempted to introduce evidence that they should have been classified as ministers of the gospel and that the board acted arbitrarily and capriciously in classifying them as conscientious objectors. The court held that whether or not the board acted arbitrarily and capriciously was a matter to be determined on writ of habeas corpus and that it was not a defense to a criminal prosecution for failure to report for induction. In its opinion the court stated that "whether a registrant is a minister of religion presents a question of fact which, from its very nature, is committed by the Act to the determination of the competent local draft board."

There is a practical reason for this rule, because to permit a court or jury in prosecutions for draft evasion to determine whether the defendant was in fact properly classified would have the effect of nullifying the power expressly committed to the draft boards to classify registrants. A similar thought is expressed in United States ex rel. Koopowitz v. Finley, D.C., 245 F. 871, 877, which arose under the Selective Draft Act of 1917, 50 U.S.C.A. Appendix, § 201 et seq: "Whether a person is a nondeclarant alien or not is a question of fact, exactly the same as whether a person is a duly ordained minister of religion * * *, and the clear purpose of the act was that the fact should be ascertained by the administrative boards which the President was authorized to create. Any other method would have made the act, * * * unworkable."

The Government also cites Fletcher v. United States, 5 Cir., 129 F.2d 262, where the same contention was made by a defendant, and the court held that evidence as to whether the board acted arbitrarily and capriciously was properly refused.

■ It may well be that where the record shows compliance with the regulations made for the protection of the registrant, and it is a question of fact and law whether the board acted arbitrarily and capriciously in classifying the registrant, this question should properly be determined on habeas corpus. But I am of the opinion that where, as here, the record itself shows that the draft board has disregarded the regulations and has exceeded its jurisdiction in classifying a registrant, the order to appear for induction is void as a matter of law and the indictment predicated thereon is subject to a motion to dismiss.

■ The provisions of Rule 625.1 are mandatory: "Every registrant * * * shall have an opportunity to appear in person * * *" under conditions which, it is admitted, the registrant complied with. Rule 625.2(c) provides in part: "After the registrant has appeared * * * the local board shall consider the new information which it receives and shall again classify the registrant in the same manner as if he had never before been classified * * *." Rules 625.2(d) and (e) require that the draft board, after the personal appearance of the registrant, mail a new notice of classification to him which is subject to the same right of appeal as the original classification. Rule 625.3 provides that if the registrant requests a personal appearance he shall not be inducted until 10 days after the new notice of classification referred to in 625.2(d) is mailed to him by the local board.

■ From the above provisions it clearly appears that the registrant is entitled to a hearing as a matter of right. And it is settled law that such a personal hearing is a part of due process of law in such proceedings. 16 C.J.S., Constitutional Law, § 622; St. Joseph Stockyards Co. v. United States, 298 U.S. 38, 56 S.Ct. 720, 80 L.Ed. 1033; Yamataya v. Fisher, 189 U.S. 86, 23 S.Ct. 611, 47 L.Ed. 721.

■ It is also apparent that the application for an opportunity to be heard actually suspends the classification of the registrant, who after such hearing must be reclassified "in the same manner as if he had never before been classified", and that he may not be inducted until ten days after he receives the new notice of classification.

Admittedly, the local board failed to comply with these provisions, and the effect of such failure would seem to be that the registrant was not classified at all, nor could he legally be inducted, at the time it

made its order. In issuing its order, the board acted entirely outside its jurisdiction and without any legal authority.

The Government further contends that the appeal by registrant to the Board of Appeal cured any error that the local board may have committed. It is urged that because the defendant furnished the appeal board with all the information that he might have presented at a hearing before the local board he was not prejudiced.

The fact that the Board of Appeal sustained the classification made by the local board in no way lent legality to its erroneous procedure. Defendant was entitled under the Regulations and as a part of due process of law to make a personal appearance. As well might it be said that an accused who was incarcerated during a criminal trial but permitted to submit a written statement of his case to the jury was not prejudiced by the denial of his right to personally appear in court and present his case. Moreover, if the regulations had been followed, defendant would have been entitled to an appeal from the new classification, which in his case was never made.

The Government cites Bowles v. United States, 319 U.S. 33, 63 S.Ct. 912, 87 L.Ed. ——, as supporting its contention. There the defendant contended that the local board misinterpreted the act in classifying him. A final appeal by the registrant to the President had been granted, and the Director on that appeal made a determination of fact adverse to the claim of petitioner that he was a conscientious objector. The Supreme Court held that this determination superseded that of the local board, that the order for induction was based upon that determination, and that, therefore, whether or not the registrant was given a fair hearing before the local board was not a defense to the criminal prosecution. Where facts are determined de novo on appeal, the appellant is not prejudiced by error committed by the inferior fact-finding body. In the present case, however, the objection is not made primarily to the facts as found by the local board but to the fact that defendant was denied his lawful right to appear in person and be heard. This error, it would seem, could be cured only by granting such hearing.

The motion to dismiss the indictment will be granted.

Ernest Goodman and Morton A. Eden, both of Detroit, Mich., for plaintiff.

John C. Lehr and Arnold W. Lungerhausen, both of Detroit, Mich., for the United States.