**UNITED STATES v. PETERSON.**

No. 28040–S.

District Court, N. D. California, S. D.

Jan. 28, 1944.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for plaintiff.

Clarence E. Rust, of Oakland, Cal., for defendant.

ST. SURE, District Judge.

Defendant, a Jehovah's Witness, is charged with failure to report for induction under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq. The case was tried to the court without a jury. At the close of the trial defendant moved to dismiss the indictment on the ground that the evidence is insufficient to support the charge.

After notification of his I-A classification by Local Board No. 54 at Martinez, California, defendant appeared on August 15, 1942, and made a written request for a personal hearing before the board under the provisions of Rule 625.1 of the Selective Service Regulations. He was told that the board met every Thursday night, and that he might appear on the following Thursday, which was August 20. He appeared at that time and said he wanted to see the board about his classification as a minister. The clerk entered the room where the board members were meeting, took out defendant's file, and gave it to the board members, who reviewed it, but not in the presence of registrant. The members stated that they did not consider defendant a minister but that they wanted to hear from State Selective Service Headquarters whether or not he was on the approved list of ministers. They had previously written for this information. The clerk then relayed to defendant the message from the board that if he was on the approved list of ministers at state headquarters he would be classified IV-D; otherwise he would be subject to induction. The clerk testified that defendant was apparently satisfied.

Subsequently the board received word that defendant was not on the approved list of ministers and advised him in writing that his induction was imminent. Thereafter they sent him a notice to report for induction, which he refused to do. The induction was thereafter cancelled and the file sent to the Board of Appeal, which classified the registrant in Class I-A. He was again ordered to report for induction on June 9, 1943, and refused to obey the order.

The motion to dismiss is predicated on defendant's contention that he was not permitted a personal appearance before the board. In United States v. Laier, D.C., 52 F.Supp. 393, decided on November 8, 1943, this court held that a registrant who requests a personal hearing is entitled to appear before the board and be heard as a part of due process of law, and that until such hearing is granted the board is with-

out jurisdiction to classify him. The importance of such hearing is shown by Rule 625.2, where it is provided that "at any such appearance, the registrant may discuss his classification, may point out the class or classes in which he thinks he should have been placed, and may direct attention to any information in his file which he believes the local board has overlooked or to which he believes it has not given sufficient weight. The registrant may present such further information as he believes will assist the local board in determining his proper classification" etc. The regulation plainly outlines the procedure to be followed by the local board in such circumstances.

■ The Government argues that the facts in this case differ from those in the Laier case because in the Laier case the request for personal appearance was denied, but here the board actually discussed defendant's classification while he waited in an outer office. Such discussion out of the presence of registrant did not constitute substantial compliance with the regulation permitting a personal appearance. The Government also argues that the board might delegate to the clerk of the board the power to act as its agent in the matter of a personal appearance. There is no authority for such a delegation of power. The further argument is made that defendant waived his original request for an appearance because of his failure to insist on it, and because of the clerk's testimony that when she gave him the board's message he appeared satisfied. It was not defendant's duty to insist on his right to appear. It was the duty of the board, if he made a proper request (which is undisputed), to grant him a hearing; and if it did not do so it was acting outside the scope and contrary to the terms of the Act and Regulations. Under the circumstances I do not think that the "apparent" demeanor of the registrant can be said to constitute a waiver of a written request.

Counsel for the Government urges that Falbo v. United States, 64 S.Ct. 346, 349, decided by the Supreme Court on January 3, 1944, directly covers the present case.

In that case defendant urged that he was erroneously classified and therefore not required to obey the order for induction based on such erroneous classification. The Supreme Court said, "The narrow question therefore presented by this case is whether Congress has authorized judicial review of the propriety of a board's classification in a criminal prosecution for wilful violation of an order directing a registrant to report for the last step in the selective process," and held that such a review is not proper. Here the question is not whether registrant was properly classified, but involves the effect of the omission of a "step in the selective process."

The decision of the Supreme Court says that "selection of registrants for service, and deferments or exemptions from service, are to be effected within the framework of this machinery [the mobilization system established by the Act] as implemented by rules and regulations prescribed by the President." The court outlines the steps taken by a registrant and says that he "may contest his classification by a personal appearance before the local board, and if that board refuses to alter the classification, by carrying his case to a board of appeal, and thence, in certain circumstances, to the President. Only after he has exhausted this procedure is a protesting registrant ordered to report for service."

■ The court also says that "Careful provision was made for fair administration of the Act's policies within the framework of the selective service process. But Congress apparently regarded 'a prompt and unhesitating obedience to orders' issued in that process 'indispensable to the complete attainment of the object' of national defense." The order for induction under consideration in the present case was not issued "in that process" but outside of it. The action taken by the local board was not within the framework of the Act set up to protect the registrant, for it was without authority to classify a registrant who requested a personal hearing, without granting him such hearing.

The motion to dismiss will be granted.