**BIRON et al. v. COLLINS.**

No. 11146.

Circuit Court of Appeals, Fifth Circuit.

Nov. 9, 1944.

Alvin McConnell, of Mobile, Ala., for appellants.

Palmer Pillans and John H. Tappan, both of Mobile, Ala., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The appellants are the Selective Service Local Board in Mobile, Alabama, and the appellee Collins is a registrant, who after exhaustion of all administrative appeals was classified by the Local Board as a conscientious objector, Class 4–E; was by the Director assigned to work of national importance at a civilian public service camp in Colorado; and was accordingly ordered by the Local Board to report for a health examination and for instructions as to his transportation. He reported and received his instructions but did not go to the camp, and instead filed a petition for the writ of habeas corpus against the members of the Local Board, claiming that he was unlawfully restrained of his liberty by them in that he was a minister of religion, and since his initial classification he had offered the Local Board and Appeal Board convincing evidence thereof and had prayed them to reopen his classification, but they had arbitrarily and capriciously refused to consider the evidence.

On an order to show cause why the writ should not issue, the Local Board members moved to dismiss the petition, and also answered stating the facts above outlined, exhibiting the orders mentioned, and averring that at no time had they had Collins in confinement, or any present means of confining him, nor had they physically restrained his liberty, nor had they any means of producing his body if the writ were issued. On a hearing, the facts being stipulated, the Judge considered only the questions about the propriety and timeliness of the remedy sought, and found that the writ should issue; and the respondents electing to stand and rest their case on these points, a final judgment was entered discharging Collins from any and all restraint of his liberty imposed by the orders of the Local Board theretofore made. This appeal followed.

The Judge rendered an able opinion in which he earnestly stresses the right of everyone to a judicial hearing, and the impracticability of hearing the fact issues a thousand miles away in Colorado, and

the practical restraint under which Collins was placed in having to choose between obeying forthwith the order or going to the penitentiary. He admitted, however, that the decisions were against his views; and it seems to us that the decisions must be followed.

■ 1. A registrant may not seek a remedy in the courts until the selective service process has been completed by his induction into the army or his reception into a civilian service camp, as the case may be. The propriety of his classification cannot be reviewed in the courts even in a criminal prosecution for refusing to report for duty pursuant to the order of the Local Board. Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346; Fletcher v. United States, 5 Cir., 129 F.2d 262.

■ 2. If the courts were open to Collins before he reports for duty, he shows no case for the writ of habeas corpus. He has never been arrested, he is physically free to come and go, the members of the Local Board have no authority to imprison him and have not attempted to do so. He is not in their custody, nor can they in any lawful manner seize and produce his body in answer to the writ. All they have done or can do is to issue an order to him in the line of their duty. It is true that if he disobeys, the law threatens punishment. The law constantly threatens imprisonment to anyone who does not obey its commands, but one is not for that reason entitled to examine the validity of the law by writ of habeas corpus. A judge issues an order of injunction, perhaps erroneously, and it must be obeyed on pain of contempt, or a subpoena duces tecum may require attendance and production of papers which are privileged, and the person must attend; but in neither case can a remedy be sought by habeas corpus before actual attachment and arrest; and then not against the judge, but against the officer who has actual custody.

■ In Wales v. Whitney, Secretary of the Navy, 114 U.S. 564, 5 S.Ct. 1050, 1051, 29 L.Ed. 277, a naval surgeon was given notice by the Secretary of the Navy of charges against him and of the date and place of a court martial to try them, the notice concluding: "You are hereby placed under arrest, and you will confine yourself to the limits of the city of Washington." The surgeon sought habeas corpus, but on careful consideration the Supreme Court held that actual custody and physical restraint, or the means of presently exercising it, were necessary to justify the writ. On the authority of this case we held the writ to have become moot when a prisoner was released on parol and was no longer in the warden's custody. Van Meter v. Sanford, Warden, 5 Cir., 99 F.2d 511. So it was said that a prisoner who has given bond is not entitled to the writ, in Stallings v. Splain, 253 U.S. 339, 343, 40 S.Ct. 537, 64 L.Ed. 940; although we know his surety could at any time surrender him into custody. Habeas corpus was allowed as a remedy for unlawful imprisonment in the army of a registrant who had been ordered to report for induction but had never been inducted, Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737; but the custody was actual, and unlawful in the opinion of the court. We think, therefore, since there is no physical restraint of liberty in the present case by the members of the Local Board, that the writ of habeas corpus is not an available remedy to question the propriety or validity of their order that Collins report to camp. Whether there is available any other judicial remedy now or later we need not enquire.

The judgment is reversed and the writ is directed to be discharged.