## WALLACE v. UNITED STATES.

### No. 11438.

Circuit Court of Appeals, Fifth Circuit.

Jan. 9, 1946.

Hayden C. Covington, of Brooklyn, N. Y., and Grover C. Powell, of Atlanta, Ga., for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Dallas Fullen Wallace was convicted under the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 301 et seq., and the regulations thereunder.

The important facts are these: The defendant was born December 12, 1926. At the time of the trial he was 18 years old. He registered with Local Board No. 10 of the Selective Service System of Fulton County, Georgia, in December 1944 and filed his questionnaire on December 23, 1944, wherein he claimed to be a minister of Jehovah's Witnesses. On January 3, 1945, he was classified I-A by the Local Board. Subsequently he appealed to the Board of Appeals and was again classified I-A. He reported for physical examination and was found acceptable to the armed forces. On the 20th of February he was ordered to report to Fort McPherson, Georgia, for induction into the armed forces. He reported to the induction center, but willfully refused to step forward when requested to do so and thereby submit to induction.

The record contains 44 requested charges and 54 assignments of error. The principal contentions of the defendant are: (1) That the trial court erred in refusing to admit evidence of the invalidity of the decision of the Local Board; (2) that the motion to quash the indictment based on the invalidity of the Act and regulations should have been sustained; (3) that the court erred in refusing to give certain requested charges.

■ We think the trial court was correct in refusing to inquire into the validity of the action of the Local Board. United States v. Estep, 3 Cir., 150 F.2d 768, and cases therein cited; Biron v. Collins, 5 Cir., 145 F.2d 758; Goodrich v. United States, 5 Cir., 146 F.2d 265; Fletcher v. United States, 5 Cir., 129 F.2d 262; Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L. Ed. 305.

■ The refused charges were either covered by the court's oral charge to the jury or were nothing more than abstract

[5] In re Palisades-on-the-Desplaines, 7 Cir., 89 F.2d 214, 217; Gerdes, Corporate Reorganization, Vol. 2, §§ 1045, 1046.

statements of law having no relation to the proper decision of the case and were properly refused.

We have carefully reviewed the record and find no reversible error. The judgment appealed from is therefore

Affirmed.