## CAHOON v. UNITED STATES.

### No. 11309.

Circuit Court of Appeals, Fifth Circuit.

Jan. 9, 1946.

Hayden C. Covington, of Brooklyn, N. Y., and Tom S. Williams, of San Antonio, Tex., for appellant.

Brian S. Odem, U. S. Atty., and Charles H. Sherman, Jr., Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

The defendant, Ralph Henry Cahoon, Jr., was convicted of a violation of the Selective Training and Service Act of 1940 as amended, 50 U.S.C.A.Appendix § 301 et seq., and the Regulations thereunder.

The defendant registered on October 4, 1943, two days after his eighteenth birthday. On October 6, 1943 he filed his Selective Service questionnaire stating that he was a minister of religion and had been a minister of Jehovah's Witnesses since August 1, 1936. He also filed a special form for conscientious objectors. The defendant's occupational questionnaire showed that he was a stock clerk in a dry goods warehouse and that his preaching was from house to house and that he distributed literature on the streets. The local board denied the claim of exemption as a minister and placed the defendant in Class I-A on October 28, 1943. Thereafter, defendant requested the privilege of appearing personally before the local board to discuss his case and to present further evidence, and such request was granted. Upon such hearing the Board reclassified him and placed him in I-A-O, which made him liable for noncombatant military service. The defendant was not satisfied with this classification and appealed to the Board of Appeals and was classified by such Board as I-A on August 28, 1944. He was found acceptable to the armed forces and was ordered to report for induction, but he willfully failed to do so.

The defendant contends that: (1) He has been denied procedural due process; (2) that he has exhausted the Selective Service process; (3) that he is entitled to raise the propriety of the appeal and local board's action as a defense to the indictment; and (4) that the appeal Board considered facts outside the evidence in defendant's Selective Service cover sheet.

753

"A registrant may not seek a remedy in the courts until the selective service process has been completed by his induction into the army or his reception into a civilian service camp, as the case may be. The propriety of his classification cannot be reviewed in the courts even in a criminal prosecution for refusing to report for duty pursuant to the order of the Local Board." Biron v. Collins, 5 Cir., 145 F.2d 758, 759; Goodrich v. United States, 5 Cir., 146 F.2d 265; Fletcher v. United States, 5 Cir., 129 F.2d 262. See also Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; United States v. Estep, 3 Cir., 150 F.2d 768.

The judgment is affirmed.