## RUSK v. UNITED STATES.
### No. 11437.

Circuit Court of Appeals, Fifth Circuit.
Jan. 12, 1946.

Rehearing Denied Feb. 11, 1946.

Order Denying Petition for Rehearing Set Aside Feb. 18, 1946.

Rehearing Denied April 15, 1946.

Writ of Certiorari Denied June 10, 1946.
See 66 S.Ct. 1380.

---

Hayden C. Covington, of Brooklyn, N. Y., and Grover C. Powell, of Atlanta, Ga., for appellant.

Harvey H. Tisinger, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment wherein the defendant (appellant here) was sentenced to confinement for a period of two years. The execution of the sentence was suspended and the defendant placed on probation upon certain terms and conditions, one of which was that the defendant, on or. before August 14, 1945, should report to his local draft board for compliance with the order that he report for work of national importance under civilian direction, and obey all lawful orders relating thereto.

The indictment charged that the defendant was required to and did register under the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix § 301 et seq.; and that thereafter, having become a delinquent under said Act, as amended, the defendant knowingly and feloniously did fail to perform a duty required of him, in that, having been classified as a conscientious objector, category 4–E, and having been found by his local draft board to be acceptable for work of national importance, he feloniously failed and neglected to report to said board to be transported to a designated camp, the same being a work camp of national importance under civilian direction.

After a motion to quash the indictment was overruled, the defendant waived arraignment, pled not guilty, and went to trial on the merits before a jury. At the close of the trial, a verdict of guilty was returned. The court's charge to the jury was signally free from error against the defendant, and no exception was taken thereto by either side. The only questions properly before us at this time are (1) whether the indictment states an offense against the United States, and (2) whether there was sufficient evidence to support the verdict. We direct our attention to the second question, as the first requires no discussion.

The evidence shows that the defendant, after a hearing, was first classified as a minister in class 4–D, but that later, upon its own motion, the board reconsidered the case and reclassified the defendant, putting him in class 4–E, which is the class provided for conscientious objectors. It further appears that notice of the order reclassifying him was duly served upon the defendant, and that he wilfully failed and refused to obey the order of the board directing him to report for assignment to work of national importance.

The appellant contends that the order which he violated was void; that he was a regular minister of the gospel (of Jehovah God, as he himself puts it), and that as such was exempt from the provisions of the Act; that he was given no hearing before the board on the issue of his reclassification; and that the local board had no power to reclassify him because there were no facts which would justify a change in his classification. All of the issues presented by these contentions, except the legality of the orders of the board, were submitted to the jury by the court below, and the jury found against the appellant. The court did not err in holding that the validity of orders, which the board actually made and was authorized to make, could not be raised in a criminal proceeding. Whether the registrant had notice of the hearing granted him upon his reclassification is immaterial, because he was present at the hearing and testified in his own behalf. He also appealed from the order of reclassification, which order was affirmed by the appeal board by unanimous vote. The propriety of his reclassification cannot be reviewed in this proceeding, since the registrant failed to complete his duty as a selectee by reporting to an army work camp as required by the order of the board.[1]

The judgment appealed from is
Affirmed.

[1] Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Fletcher v. United States, 5 Cir., 129 F.2d 262; Biron v. Collins, 5 Cir., 145 F.2d 758; Goodrich v. United States, 5 Cir., 146 F.2d 265; United States v. Estep, 3 Cir., 150 F.2d 768.

Setting Aside Order Denying Rehearing.

## PER CURIAM.

It is considered and adjudged that the order heretofore entered in the above styled and numbered cause, denying a petition for rehearing, be, and the same hereby is, set aside, and said petition taken under advisement for further consideration.

## On Petition for Rehearing.

## HOLMES, Circuit Judge.

We find nothing in the opinion of the Supreme Court in Estep v. United States, 66 S.Ct. 423, that indicates error by the court below as to anything done or omitted on the trial of appellant. On the contrary the court below seems to have tried this case just as it would have done if the opinion in the Estep case had been before it. The accused was permitted to present his defense before the jury on the alleged ground that his local board had acted beyond its jurisdiction in dealing with him as a registrant under the Selective-Service Act 50 U.S. C.A.Appendix § 301 et seq. The judicial review accorded the registrant was wholly in accord with the principles announced by the Supreme Court in the above case.

On the trial there was evidence to warrant the jury in finding the following: the defendant was first classified as a minister in Class 4–D; thereupon one of his neighbors talked over the telephone to the secretary of the board and stated that the registrant was not doing anything except sitting around the house or on the front porch all the time, meaning thereby that he was not working; the neighbor asked why the registrant was not in the army; the secretary reduced to writing what was so stated over the telephone, and put the writing in the registrant's file; the matter was brought up at a subsequent meeting of the board, at which the registrant was present and examined orally; the registrant stated to the board that a part of his ministerial work was to visit the people to acquaint them with his religious faith, and that he was not working at any occupation other than his ministerial work; the board reclassified him in Class 4–E; notice of the order reclassifying him was served upon the defendant; and he willfully failed to obey the order directing him to report for assignment to work of national importance.

The United States Attorney objected to the evidence offered by the defendant in an attempt to show that the board had exceeded its jurisdiction. The trial court overruled the objection, and all evidence offered by the defendant was admitted. The court held that the board had no jurisdiction to reopen the case and reclassify the registrant unless there was evidence before it in addition to that which was before the board when the original classification was made. The court charged the jury as follows:

"Before you can find the defendant guilty of the offense charged in the indictment, it is necessary that the Government prove beyond a reasonable doubt that the Board passed the order directing him to report as alleged in the indictment, and that he knowingly and wilfully failed to obey same and to report as directed. Knowing and wilful violation of the orders of the board is a federal offense. Under the law, the question of the correctness and legality of the orders of the Board which it is in their jurisdiction to make, cannot be raised and passed upon in a criminal proceedings of this kind, since in such proceedings it cannot review the action of the board. However, the defendant contends that the first classification was the correct and final one, and that he was notified to this effect, and that this classification was never changed in the manner provided by the Act and the regulations adopted in pursuance of same,. and therefore, the board had no jurisdiction to pass the order directing him to report for assignment to work, and that such order was therefore void and could not support this criminal proceeding, because it was beyond the jurisdiction of the board. Of course, it is no violation of the law to refuse to obey a void order. So here it is a question of what was the final order passed by the board within its jurisdiction and whether or not obedience to any such final order could be demanded.

"So in this case it is not a question as to whether or not the defendant is or is not a minister, or whether or not the evidence before the board was sufficient to show that he was not a minister, and not entitled to the exemption as such, but it is a question for your determination as to whether or not the findings of the board on September 9, 1942, and classification of IV–D entered in pursuance thereof, was a finding of the board unreversed and unchanged in the manner authorized by law. According to the pertinent regulations the board has no power to reopen the case and reclassify Defendant as IV–E unless they received information presenting facts not considered when the registrant was classified, and un-

less such facts if true, would justify a change in such registrant's classification. That is a requirement set out in the regulations themselves.

"The regulation further states however, that no classification is permanent, but can be changed only in the manner provided by the regulation and the statute. This question presents an issue of facts for your determination, that is, whether or not information of facts not considered when the registrant was first classified, was received and considered by the board, and whether such additional facts would justify a change in the classification.

"So in considering this case you should determine whether or not the evidence shows a presentation and consideration of facts relating to the defendant's claim to exemption by the board in the reclassification hearing which was in addition to those presented at the former hearing, and such as justified any change of classification. And also whether or not the Government has shown beyond a reasonable doubt that the defendant was a registrant under the Act, that he had been finally classified by the appropriate agency and that he had been ordered to report for Work of National Importance and had knowingly and wilfully refused or neglected to obey that order.

"Now, if from the evidence in the case, gentlemen, and under the instructions I have given you, you find the defendant guilty, the form of your verdict would be: 'We, the Jury, find the defendant guilty.' If, on the other hand you find him not guilty, the form of your verdict would be, 'We, the Jury, find the defendant not guilty.' "

The following sentence at the close of our original opinion in this case, being unnecessary to the decision, is withdrawn: "The propriety of his reclassification cannot be reviewed in this proceeding, since the registrant failed to complete his duty as a selectee by reporting to an army work camp as required by the order of the board."

■■ Therefore, conceding that appellant had exhausted his administrative remedy and was entitled to show that the board had exceeded its jurisdiction in reclassifying him in 4–E, the court below committed no error, because any and all evidence offered by appellant was admitted. Neither did the court err in refusing to direct the jury to find the defendant not guilty and in leaving it to the jury to say whether or not the board exceeded its jurisdiction in reclassifying the registrant. The defendant excepted to the refusal of the court to direct the jury to return a verdict of not guilty, but there was no other exception to the charge of the court.

In overruling the United States Attorney's objection to evidence offered by the defendant, the court below said (p. 31 of record) that if additional information was put before the board when it reopened the case, it would comply with the statute and the court would not weigh the evidence; that if the board did not have jurisdiction, then the order would be void; if they did have, this court would not consider whether or not the board's decision was correct.

That the board did have such additional evidence before it was brought out in the examination of the secretary of the board, who testified that she reduced to writing the information telephoned in by the witness Garner, and placed that writing in the file. It was also testified to by her and the chairman of the board, Mr. Azer, that the board brought out from Mr. Rusk that he was doing no work except ministerial work of the nature described by him at the hearing on the day that he was reclassified.

In addition to the oral testimony, there was introduced in evidence on the trial below 15 exhibits, which have been sent up in original form, and which give a complete history of this case. We shall insert in note 1 the exhibit that was placed in the registrant's file after complaint was made to the local board by telephone.[1] A notation on there indicates that the complaint was to be considered in October when the board

---

1 "Deft's Ex. No. 1    Identified    Case No. 17309

"Henry Willa Rusk Jr. Order No. 12,014 September—1943

"During the second week of September, 1943, during inventory period, the following complaint was placed with the local board by telephone by a Mr. Sterling Garner, of 693 Berne Street:

"Mr. Garner stated he lived across the street from a Henry Willa Rusk Jr, and that he and the other neighbors could not understand why this young man was not in the military service, as he appeared to be an able bodied youth, and he sat around the house or on the front porch nearly all of the time, and did not appear to be working at any occupation.

"Mr. Sterling stated that he and the other neighbors who had sons and hus-

would take up again the matter of classification. We shall insert in note 2 what happened when the registrant appeared before the board on October 14, 1943, and was reclassified in 4–E.[2]

In our opinion it was a question for the jury to determine whether, at the time of his reclassification, the board had before it additional evidence sufficient to give it jurisdiction to reopen his case and reclassify him in Class 4–E. Since it appears from the record before us that there was such additional evidence, which afforded a reasonable basis in fact for a reclassification of appellant in Class 4–E, the petition for rehearing is denied.

---

bands in the service could not understand why a healthy young man should be permitted to just sit around and not contribute anything toward the war effort.

"The clerk inquired of Mr. Sterling if he knew whether Mr. Rusk was preaching or not, and Mr. Sterling replied that he believed he was one of those 'Jehovah Witnesses' but that he did not see how he could do any preaching as he could always be seen sitting around on the front porch.

"To Be Considered At Board Meeting In October 1943, When Board Returns To Classification.

(Note minutes of board meeting of 9-9-42 when registrant was interviewed)

"October 7, 1943

"Board considered facts in the case and voted 2 to 0 to order the registrant for physical for a 4–E classification, and forward for final type examination for assignment to work camp."

[2] "U. S. Exhibit No. 8      Admitted Case No. 17309

"Henry Willa Rusk Jr. Order No. 12,014 Oct. 14-1943

"Registrant appeared before the board at regular meeting on October 14, 1943. He showed the board members his card directing him to report for physical examination, and inquired as to why he was being examined.

"The board members questioned him about his ministerial activities, and he stated that he visited people to acquaint them with his religious faith, and sometimes spoke at their assembly hall on Spring Street.

"The board asked when was the last time he spoke, and he replied after considering the question—'about two weeks ago'. They then inquired as to the time he spoke before that, and he replied it was about 3 months ago. He stated they were requested to speak.

"The board inquired whether he was working at any occupation, and he replied that he was not. They inquired if there was anything in their religious belief to keep them from being employed, and he stated that he did not believe there was if it was necessary for them to be employed to sustain themselves.

"The board members asked the registrant where the headquarters of his church was located, and he replied that he did not know. They then inquired as to the membership of the assembly located on Spring Street, and he replied that he did not know how many members composed the congregation.

"Inquiry was made as to how often he visited with people spreading his faith, and he replied he would average 'about 3 times a week going out to visit with people telling them of the religion.' Board inquired if he made any of these visits at night, and he replied that he did.

"Inquiry was made as to the length of these visits, and he replied they would vary—sometimes 1 hour; sometimes 2 hours and up to 5 hours.

"Board considered all above facts together with other evidence in the file, and voted to Classify the registrant in Class 4–E by vote of 2 to 0."