### CAHOON v. UNITED STATES.
### No. 11309.

Circuit Court of Appeals, Fifth Circuit.
April 25, 1946.

Hayden C. Covington, of Brooklyn, N. Y., and Tom S. Williams, of San Antonio, Tex., for appellant.

Brian S. Odem, U. S. Atty., and Charles H. Sherman, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Since the trial of this case, and after opinion had been published, 5 Cir., 152 F. 2d 752, the Supreme Court decided the case of Estep v. United States, 66 S.Ct. 423, which overturned that long line of decisions heretofore decided touching Jehovah Witnesses. We now have the case before us on motion for rehearing, wherein Cahoon contends that under the Selective Service and Training Act, 50 U.S.C.A.Appendix § 301 et seq., and in view of the

---

decision just adverted to by the Supreme Court that our opinion was erroneous.

We have again carefully read the record and find that the defendant below was permitted to introduce evidence not only touching the jurisdictional question but every question in support of his contention. He was permitted to testify to his religious conviction, the nature of his religious 'work, the hours he spent in his work as a stock clerk and as a minister. His questionnaire and other papers contained in his cover sheet were introduced in evidence, the report of the Hearing Officer was introduced, the members of the Appeal Board testified on the question of the defendant's ministerial status, and the following witnesses were called and testified on his behalf: C. A. Davis, A. W. Cooley, T. W. Gregory, Jerome Rapp, Henry G. Knowles, W. C. Morris, John T. Moore, Ralph Henry Cahoon, Jr., the defendant, Mrs. R. A. Cahoon, R. H. Cahoon, Sr., Mrs. C. A. Rigby, C. A. Rigby, Lyman L. Dean, A. H. Knovel, R. O. Conoley, K. K. Records, Michael Kierssak, and Mary Elizabeth Brown.

The defendant testified that he had been a minister of the gospel since he was eleven years old; that he was nineteen years of age at the time of his trial; that he was duly called to be inducted into the service by his local board but he failed and refused to take the oath and submit himself to induction.

K. K. Records, a minister of Jehovah Witnesses, testified that he had known the defendant all of his life, that for one to become a minister of Jehovah Witnesses he must prepare himself, prove his ability according to the requirements of men living in a civilized state, and that it requires time and study.

"Q. Do you have any particular period of time which is required of these men? In other words, do they have to study a great number of years? A. No, sir.

"Q. Do you have any particular age which is required of them? A. No, sir.

"Q. Can you tell at what particular point a man ceases to be a child preparing for the ministry and a man serving as a full-fledged minister? A. We would not be able to distinguish that. It would be a matter between themselves and the Lord. * * *"

 The principal contention of the defendant, on the motion for rehearing, seems to be that he was not given a fair hearing because one of the members of the Appeal Board testified that he considered as a fact that all members of Jehovah Witnesses considered themselves ministers. Even if this evidence were erroneous, which we do not concede, it should not work a reversal of the case. Vajtauer v. Commissioner, 273 U.S. 103, 106, 47 S.Ct. 302, 71 L.Ed. 560; Ng Fung Ho v. White, 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938.

The decision of the Supreme Court in the Estep case limits, we think, the scope of judicial review in such cases to the narrow question of jurisdiction, which is reached only if there is no basis in fact for the classification which the board gave the registrant. Our conclusion is that the majority opinion of the Court in the Estep case did not enlarge the substantive or procedural rights of defendants in such cases, but merely requires that the questions that might later be presented in a habeas corpus proceeding should be considered on the original trial. This was certainly allowed, as we pointed out, in this case.

The defendant was given a fair hearing and his every right carefully and fully preserved. We think the action of the court was correct, and the petition for rehearing, therefore, should be denied.