**UNITED STATES v. ROMANO.**

United States District Court
S. D. New York.
March 12, 1952.

Myles J. Lane, U. S. Atty., New York City (Louis Grossman, Daniel H. Greenberg and Silvo J. Mollo, Asst. U. S. Attys., all of New York City, of counsel), for plaintiff.

Hayden C. Covington, Brooklyn, N. Y., for defendant.

IRVING R. KAUFMAN, District Judge.

Defendant was indicted under 50 U.S. C.A.Appendix, § 462 for failing to take one step forward, thereby refusing to be inducted into the United States Army.

The case was tried without a jury and upon the trial the following facts developed. Defendant, who was born on May 1, 1929, is a member of the Jehovah's Witnesses sect. Early in May, 1949 he received a Selective Service questionnaire which he answered on May 13, 1949. In the questionnaire he claimed to have been a Jehovah's Witness since 1942 and requested exemption from service on grounds that he was a minister and conscientious objector. He subsequently filled out a form S.S. 150 for conscientious objectors and with it returned several religious tracts to his local draft board. The documents

were included, he testified, to furnish the local board with official religious information about the nature and work of Jehovah's Witnesses.

On June 6, 1949 defendant was given a hearing by his local board, and a day or two thereafter he was notified that he had been classified 1–A–O. Such a classification qualifies a registrant for service but limits his service to noncombatant duty.

On June 15, 1949 defendant wrote to his local board requesting a hearing on his classification since he felt his religious duties warranted a total exemption which a 1–A–O classification does not give. The hearing was denied him, and in his file is the local board's notation, apparently made by a clerk of the board: "Called and explained to registrant right of appeal." That call was made on June 21, 1949. Following this, defendant's file was forwarded to a Selective Service Appeal Board. Defendant was notified of the transmittal of his file, and on July 21, 1949, the Appeal Board concluded that defendant was not entitled to the IV D[1] or IV E[2] classification he requested. The file was then sent on to a Department of Justice hearing officer. He recommended that defendant be given a IV E classification as did the Department of Justice when referral was made to it by its hearing officer. Defendant did not appear before the hearing officer at the time the hearing was held although he was notified of the time and place of the hearing. Defendant testified that he tried to appear at the hearing but could not because he was unable to find the office, which was apparently in a large Brooklyn office building.

The hearing officer forwarded his recommendation of a IV E classification to the Appeal Board, but the Board did not alter its decision. By a vote of 4 to 0 it decided to retain defendant in a 1–A–O classification.

Several months later, while defendant was in the 1–A–O status, the local board sent his file to Selective Service Headquarters in New York City. The New York Director of Selective Service requested that the Appeal Board reconsider the case. On March 3, 1950 the Appeal Board reconsidered defendant's case, and by a vote of 5 to 0 it continued him in the 1–A–O classification. The local board advised Selective Service Headquarters in New York City that its, the local board's, original decision would not be changed.

On March 21, 1950 the New York City Director appealed to the National Board of Appeals. By a vote of 2 to 0 the National Board classified defendant 1–A–O on June 23, 1950. The classification was continued until November, 1950. On November 28, 1950 defendant was found acceptable for service, and he was ordered to report for induction on February 14, 1951. On that day defendant refused to take the oath of induction which precipitated the indictment under which defendant was tried.

Defendant has raised a point which I find is of critical importance to the ultimate legal conclusion drawn in this case. He urges that at no time *after* he was classified by his local draft board was he given the opportunity to be heard in any argument or statement he might wish to make to the board in connection with his first classification, although he did request an opportunity to appear before the board.

The Government stresses the uncontested fact that defendant had a hearing at the local board prior to the first classification. There was introduced in evidence a memorandum of this appearance, and it was initialled by three members of the board. Defendant testified that in fact he was interviewed by only one board member at the pre-classification hearing, and the memorandum seems to bear out defendant's contention that it was a very curt hearing at that.

I am persuaded the defendant did see but one member of the board at that hearing, and the three initials on the memorandum in evidence do not establish *ipso facto* the number of board members actually present at the pre-classification hear-

1. Minister of religion or divinity student, 32 CFR § 1622.19.

2. Conscientious objector, opposed to both combatant and noncombatant service, 32 CFR § 1622.20.

ing. It takes no torture of the imagination to conjecture that three sets of initials were merely *pro-forma* and are not evidence of which board members were or were not at the hearing.

32 CFR § 1624.2(b) requires a summary of the information furnished by registrant to the board after the registrant's appearance. The so-called summary of the information in this case is in fact no summary at all, for it is merely an observation by the board members that the registrant is not on an approved and certified list of ministers. And, of course, this was a "summary" of a pre-classification appearance.

But even if I assume that three members of the board were present, that the hearing was of sufficient duration, and that a genuine summary was made, I must conclude that the hearing is legally beside the point.

██ I am of the opinion that registrants under the Selective Service Act have an absolute right to a hearing *following* notice of their classification by the board.

32 CFR § 1624.1 provides: "(a) Every registrant, *after* his classification is determined by the local board (except a classification which is itself determined upon an appearance before the local board under the provisions of this part), shall have an opportunity to appear in person before the member or members of the local board designated for the purpose if he files a written request therefor within ten days *after* the local board has mailed a Notice of Classification * * *." (Emphasis supplied).

Government's Exhibit 2–F indicates that defendant filed such a written request.

The pivotal point of the case before us is to be found in the parenthetical statement: "(except a classification which is itself determined upon an appearance before the local board under the provisions of this part)."

At the trial, counsel for both parties urged upon the Court two positions which I find cannot be harmonized.

Without plunging into the obliquities of the parenthesis, defendant takes the position that the Regulation requires a hearing and that hearing must follow the classification in all cases.

The Government insists that the parenthetical statement must be so construed as to cover those situations where, as here, a registrant is heard by his local board before he is classified. It contends that the construction of the provision within the parenthesis, when conjoined with the rest of Part 1624, can lead to only one interpretation: the Selective Service Regulation is fulfilled so long as the registrant is heard by the local board, and it matters not whether the hearing is before or after his classification. I believe the parenthetical words are meaningful and are not mere deadweight.

██ One finds no precisely relevant executive or legislative history to which we might refer the parenthesis for clarification. Further than this, this portion of the Regulation has apparently escaped judicial construction. Counsel for the Government has suggested an interpretation of the parenthesis which is customarily given it by those who administer the Selective Service Law. I do not feel bound by that interpretation.

What does the parenthesis mean? It speaks of the "classification which is itself determined upon an appearance before the local board *under the provisions of this part.*" I have emphasized these last six words of the phrase, for they indicate to my mind that the meaning of the parenthesis is to be found within the confines of the whole Part. It is clear to me that those confines utterly exclude the Government's contention that the Part is obeyed if *a* hearing is held, even if the hearing be prior to classification.

Part 1624 is comprised of three sections Section 1624.1(a) contains the contested words. The remainder of (a) speaks explicitly of a hearing after classification, and requires that request for such a hearing be made in writing within ten days after Notice of Classification has been mailed to the registrant. Section 1624.1 then proceeds to set out the rules covering requests for a hearing made after the expiration of that ten-day period. If we exclude the

parenthesis for a moment, 1624.1 contemplates a post-classification hearing and that alone.

Section 1624.2(a) deals with the board's authority to set a time and place for the hearing. I read the section as being authorization for the board to set post-classification hearings. It follows logically in textual position and meaning from section 1624.1.

Section 1624.2(b), I find, is filled with the intent of the entire Part. It provides in part: "(b) At any such appearance, the registrant may discuss his classification, may point out the class or classes in which he thinks he should have been placed, and may direct attention to any information in his file which he believes the local board has overlooked or to which he believes it has not given sufficient weight * * *."

Obviously, a registrant could not do these things unless he were first classified.

Section 1624.2(c) provides: "(c) After the registrant has appeared before the member or members of the local board designated for the purpose, the local board shall consider the new information which it receives and shall again classify the registrant in the same manner as if he had never before been classified."

This provision speaks for itself as does 1624.2(d) which reads, in part: "(d) After the registrant has appeared before the member or members of the local board designated for the purpose, the local board as soon as practicable after it again classifies the registrant shall mail notice thereof * * * to the registrant * * *."

Section 1624.2(e) speaks of the right of appeal following "each such classification," and this right of appeal is "the same right of appeal as in the case of an original classification."

Section 1624.3 is decisive to the interpretation of the parenthesis in question. It states: "A registrant shall not be inducted during the period afforded him to appear in person before a member or members of the local board, and if the registrant requests a personal appearance he shall not be inducted until 10 days after Notice of Classification * * * is mailed to him by the local board, as provided in § 1624.2(d)."

Induction necessarily follows classification of the registrant. He cannot be inducted "during the period afforded him to appear in person before * * * the local board", and hence this period of which the provision speaks is and must be the period *following* classification.

It is my opinion that the words in parenthesis refer to those situations where a registrant has had his *requested* hearing after classification and has been classified again after that hearing, as required by § 1624.2(c). Since § 1624.2(c) requires a new classification after the hearing, and since § 1624.1(a) also establishes the right to be heard after classification, the local board would find itself going around in a circle if § 1624.1(a) did not except "a classification which is itself determined upon an appearance before the local board under the provisions of this part." The parenthetical provision insures that once a post-classification hearing has been held, a potentially endless series of such hearings will not follow thereafter.

There is nothing in the Selective Service Regulations which bars the local board from holding a pre-classification hearing such as that in the instant case. No doubt hearings of this kind may be of some assistance to the board in drawing its conclusion as to what classification the registrant should be given. But this is not to say that a hearing at that time fulfills the requirements of Part 1624. The Regulation is met only when the registrant is afforded the opportunity to appear before the board after he has been classified.

I do not intend to lose myself in conjectures of what might have happened had defendant had his post-classification hearing for, indeed, this would be out of the realm of reasonableness. It is sufficient to the disposition of the case before me that I find as a matter of law that defendant was deprived of the right which belongs to every citizen, due process of law, U.S.C.A.Const.Amend. 5.

It is not unfair to indulge in the metaphor that Part 1624 constitutes a critical

link in the entire chain which is the Selective Service System. If the link is faulty, the chain may snap. See United States v. Peterson, D.C.N.D.Cal.S.D.1944, 53 F.Supp. 760. If, as here, the link is absolutely missing, there is no chain. See United States v. Laier, D.C.N.D.Cal.S.D.1943, 52 F.Supp. 392.

 Defendant here had absolutely no opportunity to argue his classification which Part 1624 provides him as a matter of law. Once being aware of the board's position after he had been classified 1–A–O he had a right to appear, make a statement, and point out to the board where he believed they erred and what he believed they overlooked. It cannot be said that in dealing with a subject such as the religion of Jehovah's Witnesses, an oral dissertation might not be of aid to both registrant and the board. What subsequently happened to the various appeals in his case cannot, in the absence of this hearing, be taken to reflect a full and fair disposition of the case at every level of the Selective Service System.

United States v. Laier, supra, presented the problem of a defendant, indicted under the Selective Service law, who had been denied the opportunity to appear in person before his local board after he had been classified. It was there held that the defendant was entitled to a hearing after his classification as a matter of right. Judge St. Sure found at page 394 of 52 F.Supp.: "And it is settled law that such a personal hearing is a part of due process of law in such proceedings. 16 C.J.S., Constitutional Law, § 622; St. Joseph Stockyards Co. v. United States, 298 U.S. 38, 56 S.Ct. 720, 80 L.Ed. 1033; Yamataya v. Fisher, 189 U.S. 86, 23 S.Ct. 611, 47 L.Ed. 721."

Judge St. Sure explicitly rejected the Government's contention in that case that the appeal the registrant took to the Board of Appeals cured any error the local board might have committed.

The United States Supreme Court in Falbo v. United States, 1944, 320 U.S. 549 at page 552, 64 S.Ct. 346, 348, 88 L.Ed. 305, said: "The selective service process begins with registration with a local board composed of local citizens. The registrant then supplies certain information on a questionnaire furnished by the board. On the basis of that information and, where appropriate, a physical examination, the board classifies him in accordance with standards contained in the Act and the Selective Service Regulations. It then notifies him of his classification. *The registrant may contest his classification by a personal appearance before the local board * * *."* (Emphasis supplied)

 I am very conscious of the strictures imposed upon a District Judge by the holding in Estep v. United States, 1946, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, for the force of that holding requires that I need find only a basis in fact for a registrant's classification in order to confirm the classification. But I do not read the Estep case as in any way mitigating the basic right of due process which is accorded the instant defendant by our Constitution.

The thrust of 32 CFR 1624 is completely in the direction of post-classification hearings for all Selective Service registrants. I find that in being denied such a hearing, the defendant has been deprived of due process of law.

On this ground I find the defendant not guilty.